## UNITED STATES ex rel. REICHEL v. CARUSI.

### No. 9108.

Circuit Court of Appeals, Third Circuit.

Argued June 18, 1946.

Decided Oct. 1, 1946.

Rehearing Denied Nov. 6, 1946.

T. Henry Walnut, of Philadelphia, Pa. (Joseph Beck Tyler, of Camden, N. J., on the brief), for appellant.

Grover C. Richman, Jr., of Camden, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS and O'CONNELL, Circuit Judges, and KALODNER, District Judge.

BIGGS, Circuit Judge.

The relator, Reichel, has appealed from an order discharging a writ of habeas corpus issued on his petition by the court below. He was arrested upon a presidential warrant issued pursuant to the provisions of the Alien Enemy Act, 50 U.S.C.A. § 21, R.S. § 4067 and the presidential proclamation of December 8, 1941, No. 2526, 6 F.R. 6323, on August 2, 1944 and since that date has been detained at an immigration station in the District of New Jersey.

Reichel was born on April 11, 1905 in the city of Krinsdorf, Bohemia. His parents were natives of that city. Bohemia became a part of the Republic of Czechoslovakia pursuant to certain provisions of the Treaty of Saint Germain which need not be cited here. In 1935 Reichel came from Bohemia to the United States on a passport issued by the Republic of Czechoslovakia. On September 29, 1938 the Munich Pact was entered into by Czechoslovakia and Germany. By its terms certain territory belonging to the Republic of Czechoslovakia was ceded by it to the Reich. Krinsdorf lay within this territory. On November 20, 1938 Czechoslovakia entered into a treaty[1] with Germany which provided[2] that Czechoslovakian nationals of German racial stock[3] who on October 10, 1938 had their residence outside of Czech-

---

[1] See 64, p. 341–345, Allemagne Tchécoslovaquie, Martens, Noveau Recueil de Traités, 3rd Série, Tome 36, 1924–1939, or Reichsgesetzblatt, Teil II, 1938, p. 896–900.

[2] See Section 1.

[3] The word used in the treaty is "Volkszugehörigkeit" which may be translated as "state of belonging to the race".

oslovakia but the rights of a native[4] within the territory ceded by that Republic to Germany lost their Czechoslovakian nationality and became nationals of Germany.[5] Other provisions which relate to options to be exercised by erstwhile nationals of Czechoslovakia are not pertinent here. We can and do take judicial notice of the treaty and its terms.

■ It is unnecessary under the circumstances of the instant case to discuss or to determine any question as to whether collective or involuntary naturalization[6] is permissible under the law of nations or will be recognized under that of the United States or whether the United States recognized in any way the Munich Pact, the treaty of November 20, 1938 or any act flowing therefrom for it is abundantly clear from the record that Reichel himself welcomed German citizenship and that by the terms of the treaty last referred to he might acquire such citizenship if he wished to do so. He stated to the German authorities that he was willing to bear arms for the Reich. He applied for and received a German passport issued by a German consul in the United States upon that condition. He was by his own testimony "Deutscher Volkszugehöriger", if not "Volksdeutscher",[7] and was within the provisions of Section 1 of the Treaty of November 20, 1938. In short he elected to become and did become a German citizen. Cf. the circumstances of United States ex rel. D'Esquiva v. Uhl, 2 Cir., 137 F.2d 903. Reichel clearly was within the provisions of R.S. § 4067 at the time of his detention on the presidential warrant.

He asserts that he has now ceased to be a citizen of Germany because that part of Bohemia in which Krinsdorf is located, the Sudetenland, has been reincorporated in Czechoslovakia. Reichel contends that he is a "native" not of Germany but of Czechoslovakia. It is unnecessary, however, to discuss any doctrine relating to "nativity" for as Judge Clark stated in the D'Esquiva case cited above, "The use by Congress [in the statute] of the four words 'natives, citizens, denizens, or subjects' indicates that each word is to have a significant and different meaning." See 137 F.2d at page 905. Reichel became and remains a citizen of Germany. He has pointed to no established principle of law, and we can find none, which will serve to transmute his willingly acquired German citizenship into Czechoslovakian citizenship. Accordingly the order of the court below must be affirmed.

■ We think it desirable to point out that where foreign public documents are pertinent to the decision of a case, they, with accurate translations of them, should be incorporated in the record made in the trial court.

---

[4] The word used in the treaty is "Heimatrecht" which may be translated as "home right", "the rights of a native".

[5] The pertinent provisions of the treaty are as follows:

"Czechoslovak nationals of German racial stock who on October 10, 1938, had their residence outside the former Czechoslovak national territory acquire German nationality effective October 10, 1938, at the same time losing Czechoslovak nationality, if they had, on October 10, 1938, the rights of a native [Heimatrecht] in a community annexed to the German Reich."

[6] See "International Law", Hyde, Vol. 2, Sec. 352.

[7] See "Protection of Rights in International Relations", Vol. VII, First Part "The European Countries", Crusen, Maas and Seidler, published in Berlin, Heymanns, 1940, Sec. 8, p. 833, as follows:

"(1) The word 'Deutscher Volkszugehöriger' (member of the German race) as used in s. 1 of the German-Czechoslovakian treaty of November 20, 1938, relating to citizenship and options and the word 'Volksdeutscher' as used in Art. 2 of the decree of the Feuhrer and Chancellor of the Reich relating to the Protectorate Bohemia and Moravia of March 16, 1939, uniformly designate the membership in the German people; they are distinguished from each other by the fact that the word 'Deutscher Volkszugehöriger' covers persons of German and foreign citizenship while the word 'Volksdeutscher' covers only members of the German race of foreign citizenship.

"(2) 'Deutscher Volkszugehöriger' is a person who asserts himself to belong to the German people to the extent this assertion is affirmed by certain characteristics such as language, education, culture. * * * "

Judge O'Connell participated in the consideration and decision of this case but was unable to collaborate in the preparation of the opinion.

### On Petition for Rehearing.

BIGGS, Circuit Judge.

The appellant insists that we have disregarded the effect of certain authorities cited on his supplemental brief and contends that because the Sudetenland has been reincorporated into Czechoslovakia the appellant has become a Czechoslovakian citizen. We again reject this contention. It might be an arguable one had the appellant remained in Krinsdorf. Since he has been in the United States since 1935 no substantial question is presented. Oppenheim, International Law, 5th Ed., I, sec. 240. "He [Oppenheim] states that it is the American view that only the 'inhabitants' who 'remain' in the territory * * * are to be deemed nationals of the annexing state." See United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898, 902. Moreover, the appellant became a citizen of the Reich, as he himself concedes. He therefore continues to owe allegiance to that sovereign which still exists albeit its lands temporarily are occupied by the armies of the Allies.

Rehearing will be denied.