**UNITED STATES ex rel. ZELLER v. WATKINS, District Director of Immigration and Naturalization.**

District Court, S. D. New York.

June 11, 1947.

See also, D.C., 72 F.Supp. 980.

Gunther Jacobson, of New York City, for relator.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for respondent.

GODDARD, District Judge.

In this proceeding the relator seeks his discharge from detention at Ellis Island where he is held as an enemy alien pursuant to Title 50 U. S. C.A. § 21, and the Proclamation of the President of the United States No. 2526 [6 Fed. Reg. 6323] dated December 8, 1941.

In substance the petition and travers allege that the relator was born in Danzig on December 26, 1914; that by the Versailles Treaty, dated June 28, 1919, Danzig became a Free City with a constitution of its own and was placed under the protection of the League of Nations; that the relator entered this country in 1936 on a Danzig passport and that he is not and never was a native, citizen, subject or denizen of Germany and that he never did reside in Germany or became naturalized in Germany.

The Government's return to the writ alleges that the relator is a native, citizen, denizen or subject of Germany.

It therefor appears that the petition, return and travers raise questions of fact which should be determined at a plenary hearing with proof. Walker v. Johnston, 312 U. S. 275, 61 S.Ct. 574, 85 L.Ed. 830; United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898.

If it be established upon the hearing that the relator is either a citizen, denizen or subject of Germany, the question of his nativity would become immaterial. United States ex rel. Reichel v. Carusi, 3 Cir., 157 F.2d 732, certiorari denied 330 U. S. 842, 67 S.Ct. 1081.

The relator will be granted a plenary hearing for the purpose of passing upon these controverted allegations.

Settle order on notice.