UNITED STATES ex rel. ZELLER v. WAT-KINS, District Director of Immigration and Naturalization.

District Court, S. D. New York.

July 9, 1947.

Gunther Jacobson, of New York City, for relator.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S.

Atty., of New York City, of counsel), for respondent.

GODDARD, District Judge.

This relator previously sought by a writ of habeas corpus his discharge from detention at Ellis Island where he is held as an enemy alien pursuant to Title 50, U.S.C.A. § 21, and the Proclamation of the President of the United States No. 2526 [6 Fed.Reg. 6323] dated December 8, 1941.

The court having ascertained that the petition, return and traverse raised questions of fact, ordered that the relator be granted a plenary hearing for the purposes of determining whether the relator is a citizen, denizen or subject of Germany. D.C., 72 F.Supp. 979.

It appears from the record that the relator was born in Danzig on December 26, 1914; that under the Versailles Treaty in 1914 Danzig became a Free City; that the relator entered this country in 1936 on a Danzig passport. Therefore, although under the Versailles Treaty [Articles 105, 106] the relator could have retained his German citizenship if his parents so desired, at the time he entered this country he entered as a Danzig citizen.

From the facts developed upon the plenary hearing, it appears that the relator by his actions and statements has elected to and became a citizen of Germany within the purview of the Alien Enemy Act.

The relator in an Application for Certificate of Identification filed with the United States Department of Justice, dated February 28, 1942, stated that he is a citizen or subject of Germany. On March 2, 1943, the relator wrote to his local draft board that he is an alien and citizen of Germany. In his Alien Personal History Statement, dated April 5, 1943, he stated that he was a citizen and subject of Germany and that he objected to service in the armed forces of the United States. The relator in his Alien Enemy Questionnaire, dated May 22, 1943, stated that he is a citizen or subject of Germany; that he is of German race; that he objected to service in the armed forces; that his mother and father were citizens or subjects of Germany; that he has two

981

brothers and a sister who are citizens of Germany, and finally that he reported to the German Consulate in New York in September 1939 for military service with the German army. The relator on February 7, 1944, requested and received from the German government subsistence money. In order to obtain this money the relator signed a document which he understood, stating that he would be loyal to the German Reich and return to Germany as soon as he was able. On January 23, 1945, and on July 5, 1945, he executed documents in which he stated that he was a national of Germany and requested repatriation to Germany.

When Germany took over Danzig in 1939, a law concerning the reunion of Danzig was promulgated by Germany of which the following is a translation in part:

"Article III. The Free City of Danzig shall constitute with immediate effect, together with its territory and population a component part of the German Reich."

"Section 2. The nationals of the hitherto existing Free City of Danzig shall be German Nationals in accordance with more detailed provisions."

■ The fact that the United States government may not have recognized the seizure of Danzig by Germany [See Hackworths, Digest of International Law, Vol. IV, p. 690, et seq.] is not material in determining the citizenship of this relator. United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898, 903.

■ There was no inherent reason insofar as the relator was personally concerned which would have prevented him from becoming a German citizen if he desired and elected to do so. See United States ex rel Schwarzkopf v. Uhl, supra.

The Circuit Court of Appeals of this Circuit in the Uhl case adhered to the view that if an inhabitant of a conquered or ceded territory departed before the annexation and has never elected to accept the sovereignty of the new government his allegiance is not transferred. The court then said: "We cannot doubt therefore that the word 'citizen' as used in the statute must be construed in the light of this accepted right of election."

It is apparent that under the German law promulgated on the annexation of Danzig that this relator could become a German national if he so desired. His record shows that he more than consented to becoming a German national. In applying to and receiving subsistence funds from Germany as a citizen of Germany the only reasonable conclusion is that both he and the German government regarded him as a German national.

It therefore is clear that the relator is properly detained as an enemy alien pursuant to Title 50, U.S.C.A. § 21, and the Proclamation of the President of the United States, No. 2526, dated December 8, 1941. United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898; United States ex rel. Reichel v. Carusi, 3 Cir., 157 F.2d 732, certiorari denied 330 U.S. 842, 67 S.Ct. 1081.

■ The relator asserts that he is entitled to a reasonable time within which to depart voluntarily. 50 U.S.C.A. § 22. However, relator was granted in June, 1946, a thirty day period within which to depart. He failed to leave. This thirty day period was the time the Attorney General deemed reasonable in accordance with the power vested in him by Presidential Proclamation. Presidential Proclamation 2655, July 14, 1945 [10 Fed.Reg. 8947]; Att. Gen. Regulations 30.71 through 30.74. This discretionary power of the Attorney General is not subject to review by this court. See United States ex rel. Salvetti v. Reimer, 2 Cir., 103 F.2d 777; United States ex rel. Von Kleczkowski et al. v. Watkins, D.C., 71 F.Supp. 429, Rifkind, J.; United States ex rel. Schlueter v. Watkins, D.C., 67 F.Supp. 556, Rifkind, J.

Since the relator has failed or neglected to depart voluntarily, he is deportable under Title 50 U.S.C.A. § 21.

The writ is accordingly dismissed and the relator remanded to the custody of respondent.

Settle order on notice.