**HURT v. ZERBST, Warden.**

No. 8631.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1938.

SIBLEY, Circuit Judge, dissenting.

———◆———

Payne Hurt, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, H. T. Nichols, and J. Ellis Mundy, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a prisoner confined in the United States penitentiary, applied for release on habeas corpus, making two attacks upon the judgment, sentence and mittimus under which he was being held.

The first was that the indictment was null and void, and failed to charge any offense. The second, that he was put to trial without his having, or having competently and intelligently waived, the assistance of counsel for his defense.

The writ was issued as prayed. There was a return controverting petitioner's claim, a traverse of the return, and testimony including that of the applicant, on the issues made. At the conclusion of it, without findings or opinion, the writ was discharged and petitioner was remanded to respondent's custody. Appellant per-fected his appeal, assigning error on the two points raised below, the insufficiency of the indictment and his having been tried without the assistance of counsel for his defense.

In its brief, filed before the reversal of our decision in Johnson v. Zerbst, 5 Cir., 92 F.2d 748, the Government, of the opinion with which we agree, that there was nothing of substance in the first point, directed its whole attention to the second point, urging our decision in the Johnson Case as controlling. At the argument the counsel for the Government was of the opinion that the reversal and remand of Johnson v. Zerbst, 58 S.Ct. 1019, 82 L.Ed. ——, for findings as to waiver of counsel, and further proceedings in accordance therewith, required the reversal and remand of this case for such findings and proceedings.

We agree. Under the rule of the Johnson Case the burden was on petitioner to establish, by a preponderance of the evidence, that he did not competently and intelligently waive his constitutional right to the assistance of counsel, and the record we have does contain a flat controversion of petitioner's claim that he was deprived of counsel, and testimony by deposition in support of that controversion. There is, however, positive testimony on the part of petitioner, that he did not waive the assistance of counsel, but demanded time to obtain it, and that he was put to trial without counsel of his own choosing, or any furnished him by the court, and neither in the judgment and sentence, nor in any other part of the proceedings had in the court of trial, as the record stands before us, was there any finding or even notation, that petitioner had waived such assistance.

In this state of the record, the District Judge, before whom the habeas corpus was tried, should have determined as a fact whether petitioner, who admittedly had no counsel, was deprived of, or waived, the right the Sixth Amendment, U.S.C.A. Const. Amend. 6, guarantees, to have the assistance of counsel for his defense.

The cause is therefore reversed and remanded to the District Court, for further proceedings in accordance herewith.

Reversed and remanded.

SIBLEY, Circuit Judge (dissenting).

There is no law or rule of Court or practice requiring an opinion or findings

of fact in a habeas corpus case. The judgment, like other judgments and decrees, is presumed to be on the merits. The record in this case shows affirmatively that it was. The petition asserted a clear case of denial of the right to employ and be represented by counsel. The response did not dispute the sufficiency of the allegations, but denied them and annexed affidavits to prove them untrue. Hurt filed a traverse of the response, making a clear cut issue of fact for trial. The District Judge on the first hearing received the testimony of the petitioner which supported the petition. Time was then given the respondent to take depositions. The testimony of seven witnesses was thus taken, including the Secret Service agent who made the case, the United States Commissioner before whom Hurt was first brought, the Deputy Marshal and Jailer in whose custody he was held, and the two Assistant District Attorneys who conducted the trial. Hurt prepared cross-interrogatories which were answered. These witnesses contradicted Hurt on almost every point. The Judge then made a general judgment discharging the writ and remanding Hurt to custody, evidently because he did not believe Hurt, but believed the opposing witnesses.

The case of Johnson v. Zerbst, Warden, 58 S.Ct. 1019, 82 L.Ed. ——, is material only by way of contrast. In that case the trial judge expressly held that the prisoner had probably been denied his right of counsel, but if so it was mere error which could not be reached by habeas corpus. The Supreme Court held that habeas corpus could reach the matter, and reversed the case for a decision on its merits. It decided nothing more. In the present case the merits have been heard and decided, and it is idle to have it done again.

The District Judge was justified in disbelieving the uncorroborated testimony of Hurt, whose liberty is at stake, who is a twice convicted felon, and who tells a most unlikely story; and in believing the contrary witnesses. It seems to me that the question presented by this appeal is, whether the evidence of these latter witnesses shows a constitutional trial. It shows that Hurt lived with his father and mother and wife in a county whose jail was not approved for federal prisoners. His father was arrested May 1, 1936, on a charge of passing an altered silver certificate, and was released on bond. Hurt was arrested on the same charge May 4, and after a hearing before the Commissioner was, on failure to give bond, put by the Marshal in a jail about thirty-two miles from Hurt's home and in the adjoining county. He was not held incommunicado as he claimed, but visitors were freely allowed at the jail. A letter to an attorney of his county was sworn by Hurt not to have been posted by the jailer, but the latter testifies he posted all letters and that the attorney in fact visited the cell where Hurt was confined. Hurt was arraigned May 18 and pleaded not guilty. He asked the Marshal about the chances for getting on probation, but made no request of anyone for counsel or subpoenas. One of the witnesses testifies that the Judge asked Hurt and his father if they wished counsel and Hurt said "No, we don't want any," or "We don't need any." Others say it was the custom of the Judge to make the enquiry and to appoint counsel if requested, and they believe the enquiry was made in this case. In the trial next day the Judge asked questions of the witnesses, including Hurt and his father, in order to bring out the facts. He directed a not guilty verdict on three of the four counts. The prosecuting attorneys, as is the custom where the accused has no counsel, made no opening statement and no argument to the jury. When it came to the sentence, it appeared that both Hurt and his father had been before the courts previously and had served penitentiary sentences. The father was fifty-three years old. Hurt had been through high school and was a farmer and truck driver.

This is not the picture of an unconstitutional trial, but of a very ordinary one. The charge was a simple one, whose elements were easily to be understood by accused and his jurors. Hurt had a fair education and some court experience. He was not a stranger, but near his home. His family knew of his condition and his father was involved. Hurt does not claim ignorance of his right to get counsel nor lack of means to employ one. He says he asked opportunity to get counsel and was not permitted to, a claim found to be false. The Judge assumed his common law role of looking out for the accused, and the prosecuting attorneys took no advantage of him.

The absence from the record of the trial of a note of the waiver of counsel is not significant. Such a thing has not cus-

tomarily been made of record. There are hundreds of men in the jails and penitentiaries who were tried as Hurt was. I do not think they are entitled to be set at liberty. I see no reason to reverse this judgment.