WALKER *v.* JOHNSTON, WARDEN.

No. 173.  Argued January 15, 1941.—Decided February 10, 1941.

*Mr. Charles E. Wyzanski, Jr.* for petitioner, acting under an assignment by the Court.

*Mr. Herbert Wechsler,* with whom *Solicitor General Biddle* and *Messrs. Wendell Berge* and *Alfred B. Teton* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case presents important questions of practice touching the issue of the writ of *habeas corpus.* We accordingly granted certiorari *in forma pauperis,* and appointed counsel for the petitioner to insure adequate presentation at our bar.

The petitioner, who is confined in the Federal prison at Alcatraz, California, under sentence and commitment of

the District Court for Northern Texas upon a plea of guilty to an indictment charging armed robbery of a national bank, sought *habeas corpus* in the District Court for Northern California. His petition recites that he was indicted in the District Court for Northern Texas March 9, 1936; that the cause came on for trial April 28, 1936, and he pleaded guilty; that he was sentenced May 1, 1936, to twelve years' imprisonment, was committed to the penitentiary at Leavenworth, Kansas, May 4, 1936, and is now confined at Alcatraz. The petition alleges that at trial the petitioner was without the assistance of counsel; that he did not waive his right to counsel; that the court did not inquire whether he desired counsel or instruct him that he was entitled to counsel; that he did not know he was so entitled if he had no money to pay an attorney; and that the judgment of conviction is void, as he was deprived of the assistance of counsel for his defense in violation of the Sixth Amendment of the Constitution. The prayer is that the writ issue and that he be released from custody.

The court issued an order to show cause addressed to the warden of the penitentiary. That officer filed a return showing that he held the prisoner under a commitment issued by the Texas District Court and a transfer from Leavenworth to Alcatraz ordered by the Director of the Bureau of Prisons of the Department of Justice. Attached to the return were certified copies of the indictment, minute entries, sentence, and commitment, and docket entries in the cause, transfer order, and record of commitment. Also attached were affidavits of the United States Attorney, the Assistant United States Attorney, and the Probation Officer (formerly a deputy marshal) of the Northern District of Texas. These affiants, or some of them, deposed to the following effect: The petitioner was jointly indicted with one White, who pleaded not guilty, was tried, convicted, and sentenced;

the petitioner had no counsel as he entered a plea of guilty. At the time of the commission of the offense for which the petitioner was indicted he was an escaped convict from the State Penitentiary of New Mexico and was brought thence for trial. On the day of the trial, the marshal brought him to the Federal building where the District Attorney talked to him; asked him whether he was guilty and he stated he was; asked him if he was going to plead guilty and he stated he was; asked him whether he had a lawyer and he stated he did not want an attorney as he thought an attorney would be of no value to him. The District Attorney explained to the petitioner that he thought the judge would give him greater consideration, if he was guilty, on his entering a plea of guilty. The petitioner was told his interviewers believed that if he would tell the judge the truth and testify in the case as to his accomplices that fact would be considered by the judge in passing sentence. The petitioner stated he would enter a plea of guilty but would not testify. He refused to say whether the co-defendant White was with him at the time of the robbery and said that he would prefer not to make a statement with respect to other facts in the case. One affiant stated his belief that petitioner told the judge in open court that he had no counsel and did not desire any as he was guilty and intended to plead guilty. Three witnesses identified the petitioner as being one of the men who entered the bank and there was no question of his guilt. After sentence, petitioner expressed his satisfaction at the length of sentence imposed. Some time later a letter was received from the petitioner thanking the District Attorney for what he had done for him.

The petitioner answered, denying that he had stated to one or more of the affiants, or in the presence of one or more of them, that he was guilty or that he intended

to plead guilty; that he did not want an attorney or felt that an attorney would be of no value to him. He alleged that he first learned he was to be prosecuted for the offense in question about April 26, 1936, when a deputy marshal took him from New Mexico to Texas; that, prior to trial, the District Attorney, in the presence of the deputy marshal, asked him to plead guilty and he replied that he intended to plead not guilty, whereupon the District Attorney exhibited to him pictures of the scene of the alleged crime and, by means of them and otherwise, sought to persuade him that he would be proved guilty; that the petitioner refused to talk further with the District Attorney at that time; that the District Attorney again visited him and the petitioner then requested that the trial be continued so that he could communicate with his relatives and try to obtain money to enable him to hire an attorney for his defense, but that the District Attorney advised him this was not possible and told him to plead guilty, warning him that he would be sentenced to twice as great a term if he did not so plead; that the petitioner had no relatives or friends near the scene of the trial other than his co-defendant White. He alleged that he requested the District Attorney to be permitted to talk to White or White's attorney, but the request was refused. In view of the District Attorney's warning, and in fear of a heavy prison term, he told the District Attorney he would plead guilty. The answer alleges that petitioner has no information and belief sufficient to enable him to answer the statement concerning his letter claimed to have been sent from the penitentiary and, therefore, denies the fact; denies that the petitioner stated to the judge that he did not desire counsel appointed for him or that he was pleading guilty because he was guilty; alleges that at no time was petitioner informed, did he know or believe

that he was entitled to the assistance of counsel for his defense, and that at no time did anyone ask him if he desired the assistance of counsel nor did anyone offer to procure such assistance for him; avers that he was without money to pay for counsel and believed he could not obtain the assistance of counsel without money to pay a lawyer; asserts that he attended school to the fifth grade and had had no further schooling or education, was entirely unversed in the law and unable and unqualified to represent or act for himself in a criminal proceeding; that at no time was he asked to waive his right to the assistance of counsel nor did he by word or act state or indicate that he waived, or intended to waive, that right; denies his guilt and denies that the evidence produced at trial showed his guilt.

Upon these pleadings the District Judge, after hearing argument, discharged the rule to show cause and dismissed the petition for the writ. The Circuit Court of Appeals affirmed.[1]

The petitioner contended in the Circuit Court of Appeals that the statute required the District Court to issue the writ and, upon his production in court, to hold a hearing on the issues made by the pleadings. The court found it unnecessary to pass on the contention, since it held "another manner of proceeding" (that here followed by the District Court) was permissible under our decisions. It approved the summary disposition of the case on the pleadings and affidavits submitted, as the petitioner had been afforded an opportunity to submit by affidavit whatever he deemed material. It thought the District Court was justified in disbelieving the petitioner's allegations and, on the basis of such disbelief, discharging the rule and denying the petition.

---

[1] 109 F. 2d 436.

The case presents these questions: (1) Was the District Court, on the filing of the petition, bound forthwith to issue the writ and have the petitioner produced in answer to it? (2) If the procedure followed by the District Court was permissible, and the pleadings raised issues of fact, should those issues have been resolved by testimony rather than upon affidavits? (3) Did the pleadings raise any material issue of fact?

*First*. The statutes of the United States declare that the supreme court and the district courts shall have power to issue writs of *habeas corpus;* [2] that application for the writ shall be made to the court or justice or judge authorized to issue the same by complaint in writing, under oath, signed by the petitioner, setting forth the facts concerning his detention, in whose custody he is and by virtue of what claim or authority, if known.[3] The court or justice or judge "shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." The writ shall be directed to the person in whose custody the petitioner is detained.[4] The person to whom the writ is directed must certify to the court or judge the true cause of detention and, at the same time he makes his return, bring the body of the party before the judge who granted the writ.[5] When the writ is returned a day is to be set for the hearing, not exceeding five days thereafter, unless the petitioner requests a longer time.[6] The petitioner may deny the facts set forth in the return or may allege any other material facts, under oath.[7] The court or judge

[2] R. S. 751, 28 U. S. C. 451.
[3] R. S. 754, 28 U. S. C. 454.
[4] R. S. 755, 28 U. S. C. 455.
[5] R. S. 757, 28 U. S. C. 457; R. S. 758, 28 U. S. C. 458.
[6] R. S. 759, 28 U. S. C. 459.
[7] R. S. 760, 28 U. S. C. 460.

"shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." [8]

It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge. This practice has long been followed by this court [9] and by the lower courts.[10] It is a convenient one, deprives the petitioner of no substantial right, if the petition and traverse are treated, as we think they should be, as together constituting the application for the writ, and the return to the rule as setting up the facts thought to warrant its denial, and if issues of fact emerging from the pleadings are tried as required by the statute.

*Second.* The District Court proceeded to adjudicate the petitioner's right to the writ upon the allegations of

---

[8] R. S. 761, 28 U. S. C. 461.

[9] *Ex parte Yarbrough,* 110 U. S. 651, 653; *Mooney* v. *Holohan,* 294 U. S. 103, 111.

[10] *Murdock* v. *Pollock,* 229 F. 392.

his petition and traverse and those of the return and accompanying affidavits. Thus the case was disposed of on ex parte affidavits and without the taking of testimony. The practice thus to dispose of applications for *habeas corpus* on matters of fact as well as of law has been followed in the Ninth and Tenth Circuits.[11]

In other circuits, if an issue of fact is presented, the practice appears to have been to issue the writ, have the petitioner produced, and hold a hearing at which evidence is received.[12] This is, we think, the only admissible procedure. Nothing less will satisfy the command of the statute that the judge shall proceed "to determine the facts of the case, by hearing the testimony and arguments." It is not a question what the ancient practice was at common law or what the practice was prior to 1867 when the statute from which R. S. 761 is derived was adopted by Congress. The question is what the statute requires.

As we said in *Johnson* v. *Zerbst,* 304 U. S. 458, 466, "Congress has expanded the rights of a petitioner for *habeas corpus* . . . 'There being no doubt of the authority of the Congress to thus liberalize the common law procedure on *habeas corpus* . . . it results that under the sections cited a prisoner in custody . . . may have a judicial inquiry . . . into the very truth and sub-

---

[11] *Harpin* v. *Johnston,* 109 F. 2d 434; *Franzeen* v. *Johnston,* 111 F. 2d 817; *Walker* v. *Chitty,* 112 F. 2d 79; *Zahn* v. *Hudspeth,* 102 F. 2d 759; *Nivens* v. *Hudspeth,* 105 F. 2d 756; *McCoy* v. *Hudspeth,* 106 F. 2d 810; *McDonald* v. *Hudspeth,* 108 F. 2d 943; *Moore* v. *Hudspeth,* 110 F. 2d 386; *Taylor* v. *Hudspeth,* 113 F. 2d 825.

[12] *Cundiff* v. *Nicholson,* 107 F. 2d 162; *Hurt* v. *Zerbst,* 97 F. 2d 519; *Brown* v. *Zerbst,* 99 F. 2d 745; *Mothershead* v. *King,* 112 F. 2d 1004; *Sanders* v. *Allen,* 69 App. D. C. 307; 100 F. 2d 717; *Clawans* v. *Rives,* 70 App. D. C. 107; 104 F. 2d 240; *United States* v. *Hiatt,* 33 F. Supp. 545.

stance of the causes of his detention,' . . . " Such a judicial inquiry involves the reception of testimony, as the language of the statute shows.

The Government properly concedes that if the petition, the return, and the traverse raise substantial issues of fact it is the petitioner's right to have those issues heard and determined in the manner the statute prescribes.

*Third.* Did the pleadings present any material issue of fact? The Government says they did not. It urges that, construed most favorably to petitioner, the allegations of the petition and the traverse do not show that he was in apparent or actual need of counsel's aid; and do disclose that he voluntarily waived the right to counsel.

Without repeating the allegations of the petition and traverse, which have been summarized above, we think it clear that, taken together, they overcome the presumption of regularity which the record of the trial imports and that, if the facts alleged were established by testimony to the satisfaction of the judge, they would support a conclusion that the petitioner desired the aid of counsel, and so informed the District Attorney, was ignorant of his right to such aid, was not interrogated as to his desire or informed of his right, and did not knowingly waive that right, and that, by the conduct of the District Attorney, he was deceived and coerced into pleading guilty when his real desire was to plead not guilty or at least to be advised by counsel as to his course. If he did not voluntarily waive his right to counsel,[13] or if he was deceived or coerced by the prosecutor into entering a guilty plea,[14] he was deprived of a constitutional right. On a hearing he would have the burden of sustaining his allegations by a preponderance of evidence. It is true that they are denied in the affidavits filed with the return

---

[13] *Johnson* v. *Zerbst,* 304 U. S. 458.

[14] *Mooney* v. *Holohan,* 294 U. S. 103.

to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination *ore tenus* or by deposition as are all other witnesses. Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard.

The judgment is reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*