BURGESS v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kan.

No. 2274.

Circuit Court of Appeals, Tenth Circuit.

May 24, 1941.

Jesse A. Hall and William H. Biddle, both of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty.,

and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

From the allegations of the petition and certified copies of court records, these facts appear: On December 8, 1936, an indictment, containing six counts, charging violations of 18 U.S.C.A. §§ 88, 278, and 283, was returned against Jackson C. Burgess, the petitioner, and another in the District Court of the United States for the Northern District of Texas. Petitioner entered a plea of guilty to each count of the indictment and was sentenced to imprisonment in the United States Penitentiary at Leavenworth, Kansas, for a period of one year and one day on the first count and for a period of five years on the remaining five counts and the execution of the five-year sentence was suspended.

Petitioner was received at the penitentiary on December 10, 1936. He was thereafter conditionally released. On June 13, 1939, he was brought before the District Court of the United States for the Northern District of Texas and after a hearing the court found that he had violated the conditions of his probation, ordered it revoked, and ordered him committed to the custody of the Attorney General for imprisonment in the United States Penitentiary at Leavenworth, Kansas, for a term of five years from June 13, 1939. Commitment was duly issued and he was received at the penitentiary on June 15, 1939.

Petitioner contends that the five-year term began to run concurrently with the sentence on count one and, therefore, that he was entitled to discharge on July 18, 1940, the date of the filing of his petition herein.

18 U.S.C.A. § 724 authorized the District Court of the United States for the Northern District of Texas to suspend the execution of the sentence on counts two to six, inclusive, and to place the petitioner on probation. That court did suspend the execution of the five-year sentence. Accordingly, it did not begin to run until the probation was revoked and had not expired on July 18, 1940. Petitioner does not allege that he was not accorded a full and fair hearing on the revocation of the probation.

Thus, it appears from the allegations of the petition and from incontrovertible facts recited in the court records in the criminal case that no cause for granting the writ existed. See Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 578, 85 L.Ed. ——.

The judgment is affirmed.