**FRIEDMAN, Appellee, v. CINCINNATI LOCAL HOTEL EMPLOYEES ALLIANCE et al, Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6032. Decided November 26, 1941.

Fred Weiland, Cincinnati, Alfred D. Meitus, for appellee.
J. W. Brown, for appellants.

**OPINION**

By THE COURT:

This is an appeal on law and fact from a judgment of the common pleas court granting a permanent injunction, restraining the defendants from interfering with the plaintiff in conducting his business.

At the hearing in this court the plaintiff orally and in writing represented to the court that he no longer owned the business and on that ground moved to dismiss the appeal. That motion was overruled.

By agreement, the case was presented on the transcript of the evidence introduced at the trial in the common pleas court and the stipulation that the plaintiff no longer owned the business.

As the sole basis of granting an injunction was and would be to protect the plaintiff in the enjoyment of his property rights, his non-ownership of the described property at this time precludes this court from granting an injunction, and requires the dissolution of the injunction granted by the common pleas court. An order to that effect may be entered.

There remains only the issue as to the court costs, and in this sort of a case the awarding of costs rests in the sound discretion of the court. In the exercise of this discretion it is not necessary nor would it be to determine with exactitude the breadth of the injunction which should have been granted. If, under the law and the facts, the plaintiff was entitled to some of the relief awarded, then this court would not be justified in imposing the entire burden of the costs upon him, even though he was not entitled to all the relief prayed for and granted. We have examined the transcript of the evidence and the applicable law for that purpose only.

While it was held in **Crosby v. Roth, 136 Oh St, 352,** by a divided court that there was no right to peaceful picketing in the absence of a trade dispute, in the restricted sense of a dispute, between the plaintiff and his own employees, that decision was nullified as an authority on that point by the decision of the Supreme Court of the United States in the case of American Federation of Labor v. Swing, et al., 312 U. S. 287, the syllabus of which is:

"The constitutional guarantee of freedom of discussion is infringed by the common law policy of a state limiting peaceful picketing by labor unions to cases in which the controversy is between the employer and his own employees".

In Milk Wagon Drivers' Union v. Meadowmoor Dairies 312 U. S.. 275 decided by a divided court on the same day as American Federation of Labor v. Swing supra, the court held that the right to peacefully picket would be forfeited by resort to such violence as would excite fear that violence would be resumed and thereby give to picketing a coercive quality beyond its legitimate persuasive force. In that case the evidence showed a continuous course of violence of various sorts which clearly stamped the general purpose of the defendants to intimidate rather than to persuade. It was in the light of that background that the court sustained the injunction against all picketing, but even then the court was careful to point to the condition on which the continuance of the injunction was predicated by saying: "It (the injunction) is justified only by the violence that induced it and only so long as it counteracts a continuing intimidation".

The record in this case shows sporadic acts of violence and there is evidence that some of these acts are imputable to the defendants. However, there is no such continuous or systematic resort to violence as to indicate an intent to employ pickets as instruments of intimidation instead of agencies of persuasion.

All the cases hold that freedom of speech and of the press are among the liberties guaranteed and protected by the due process clause of the 14th Amendment. They are the fundamental freedoms and are the pillars upon which all others rest.

In our opinion the acts of violence shown in this record were not so blended with the picketing as to give color to the whole as an attempt at intimidation through force, violence, and putting in fear, thereby working a forfeiture of the otherwise constitutional right of freedom to speak the truth. But we are of the opinion that the evidence of violent acts was sufficient to justify a reasonable fear of recurrence and to form the basis for an injunction against force and violence and limiting picketing in such a way as to guard against irritating incidents.

The Plaintiff did not, in our judgment, sustain all the allegations of his petition and was not entitled to the broad

injunction for which he prayed. Some of the costs incurred resulted from the plaintiff seeking greater relief than that to which the law and the facts entitled him, and that, therefore, the costs in this case should be assessed equally against the parties.

The injunction is dissolved and judgment for one-half of the costs will be rendered against the plaintiff and one-half against the defendants.

MATTHEWS, PJ, HAMILTON & ROSS, JJ, concur.