## MacDONALD v. HUDSPETH, Warden.

### No. 2351.

Circuit Court of Appeals, Tenth Circuit.

Jan. 12, 1942.

Gordon E. MacDonald, pro se.

Summerfield S. Alexander and Homer Davis, both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment denying discharge in a proceeding in habeas corpus.

The Appellant, herein called petitioner, was indicted in the Western District of Missouri. The indictment contained eleven counts, charging fraudulent use of the mails in violation of Section 215 of the Criminal Code, Title 18 U.S.C.A. § 338. He was removed from Mobile, Alabama to Kansas City, Missouri in February 1939 to answer the charges of the indictment.

Upon his arrival in Kansas City, and before his commitment to the Jackson County jail, he conferred with counsel, a Mr. Rucker of the Kansas City Bar, who had been engaged by a friend of the peti-

tioner. Soon thereafter, he told the United States Attorney, "I have an attorney, he will do all my talking." While in the Jackson County jail, pending trial in default of bond, he negotiated with at least two other attorneys of the Kansas City Bar, a Mr. Gardner, to whom he paid a fee of $25.00, and a Mr. Nugent. It is not shown that Mr. Gardner performed any legal services for him, but Mr. Nugent did present certain matters not here material.

The petitioner had several conferences with the United States Attorney, who gave him a copy of the indictment, and with the Post Office Inspector at Kansas City. After prolonged negotiations between the petitioner, his attorney, and the United States Attorney, he appeared in open court on September 18, 1939, with his counsel, Mr. Rucker. He entered his plea of guilty to each of the eleven counts contained in the indictment and was sentenced to serve a total of ten years in the penitentiary; five years on counts one and two to run consecutively and five years on counts three to eleven to run concurrently with count one. He was duly committed to the Penitentiary at Leavenworth, Kansas, to serve the sentence imposed.

Thereafter he applied to the District Court for the District of Kansas for a writ of habeas corpus, alleging that the various counts of the indictment failed to state an offense; that he lacked mental and physical capacity to understand the import and true meaning of his action in entering his plea of guilty to the several counts of the indictment; that the Post Office Inspector seized, confiscated and retained his private papers and documents without a search warrant; that he was held incommunicado in the Jackson County jail and was thereby prevented from obtaining his release on bail and preparing his defense; that he was induced to enter a plea of guilty by his attorney, Chris H. Rucker, on the representation that the sentence would not exceed two months in addition to the time that he had served in jail.

The Warden filed his answer in which he admitted the guilty plea, and the sentence, but denied the other facts set up as grounds for discharge. The trial court denied the writ, based partly on ex parte evidence, which this court reversed in

Case No. 2263 [1] on authority of Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and the proceedings here are supplemental to the former case.

■ Pursuant to the mandate of this court, a writ of habeas corpus was issued out of the District Court of Kansas, the appellant was removed from the Penitentiary at Leavenworth, Kansas, and appeared in person, together with his attorney appointed by the District Court. Witnesses who had been subpoenaed by the petitioner appeared in person, testimony was adduced and the parties were given an opportunity to brief the points involved, pursuant to which the court entered its order from which this appeal is taken.

The trial court found that the petitioner in person and by counsel voluntarily, freely, intelligently and competently entered his plea of guilty to the several counts in the indictment; that he was not held incommunicado in the Jackson County jail; that he was at all times represented by one Chris H. Rucker, an attorney of the Kansas City Bar, who fully advised him of his rights and the nature of the charges against him, appeared and represented petitioner at the time the plea of guilty was entered; that the petitioner was not insane at the time he entered the plea of guilty, but was above the average intelligence and perfectly rational; that he was not influenced or intimidated by his attorney; that he was given full and complete opportunity to be heard by the judge who sentenced him; and that none of his constitutional rights were denied him, either prior to or at the time he entered his plea of guilty.

The record amply supports the findings of the trial court. The indictment clearly charges offenses under Section 215 of the Criminal Code. Title 18 U.S.C.A. § 338. The trial court properly denied the writ.

■ Petitioner also complains in his supplemental petition for habeas corpus that the trial court was biased and prejudiced against him, and that he did not receive a fair trial.

No statutory affidavit was filed but petitioner stated at the hearing that he did not have sufficient time to meet the statutory requirements. The trial court made

1 No written opinion.

inquiry concerning the grounds for his disqualifications, in answer to which the petitioner stated that the trial judge was biased and prejudiced against the petitioner because he had formerly on August 27, 1940 denied the petitioner's application for a writ without affording him an opportunity to appear in person to testify in his own behalf.

It is sufficient to say that there is nothing in the record, or which can be inferred from the record, or in statements made by the petitioner, that the trial court was disqualified to try the issues presented. The contentions of the petitioner in this respect are utterly without merit and the judgment of the trial court is affirmed.