## BIGROW v. HIATT et al.
### No. 196.

District Court, M. D. Pennsylvania.
Nov. 7, 1947.

William F. Bigrow, pro se.

Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa. (Major Thayer Chapman, of Washington, D. C., and Arthur A. Maguire, U. S. Atty., of Scranton, Pa., of counsel), for respondents.

FOLLMER, District Judge.

After hearing had and opinion filed,[1] Petitioner alleged that when the response was served upon him it was not accompanied by a copy of the Court-Martial Record which had been attached as an exhibit to the original copy of the response as filed. Petitioner did not call this to the Court's attention and made no reference thereto until after the Court's opinion had been filed and an appeal noted. The Court-Martial Record was in court and offered in evidence by the Respondent and no objections thereto were made by Petitioner.[2]

The Circuit Court out of abundant caution, without deciding the appeal, returned the proceedings for a rehearing after Petitioner had been furnished with a copy of such exhibit. A rehearing was accordingly held.

No new facts have been adduced on this rehearing. A witness was called for the sole purpose of introducing a letter of reply received by him from a Congressman, which of course was excluded as hearsay. Petitioner requested that his testimony at the first hearing be excluded.[3]

Although he had indicated that he would not testify at such rehearing, he did take the stand, only, however, for the purpose of

---

[1] Bigrow v. Hiatt, D.C., 70 F.Supp. 826, 833.

[2] Transcript of Record, First Hearing, Page 13.

[3] Transcript of Testimony on rehearing, Pages 5, 6, and 7.
"By the Court:—Let me ask you again —you have everything now you think you need?
"By the Petitioner:—A. Yes, sir.
"By the Court:—As I understand, you don't intend to take the stand yourself in your own behalf?
"By the Petitioner:—No sir.

reading into the record as testimony the contents of a prepared affidavit, the admission of which when first offered in the form of an affidavit had been denied.[4] In such statement Petitioner repeats his denial that Major Cole, the impartial investigator under Article of War 70, 10 U.S.C.A. § 1542, ever consulted with him. This oral categorical denial is in direct conflict with the record, and as stated in our previous opinion, "After observing the defendant on the witness stand and considering his testimony in the most favorable light, this Court would be bound to find that the petitioner failed to sustain the burden of proof which rests upon him in connection with his allegations, * * *."

His next allegation, which is new, is that one Lt. Col. Silvers did not inform him of the nature of the charges against him, or of the provisions of the 70th Article of War. This is without merit. The record shows that Lt. Col. Silvers (J.A.G.D.) was the Staff Judge Advocate who made the "Staff Judge Advocate's Review" of the Trial record [5] and who checked and transmitted the Record of Trial to the Judge Advocate General's Office,[6] and who as Division Judge Advocate transmitted the original charges, the investigation report and related papers to the Commanding General with a recommendation that a Court-Martial be convened.[7]

He now further alleges on the basis of a remark made by counsel for the prosecution [8] that one 1st Lt. Tytus was the "Impartial Investigator" and as such failed to comply with Article of War 70. The oath to the original charges, prior to referring same for investigation under Article of War 70 was administered by him as "Adjutant" [9] and the appointment of Major Cole as the Impartial Investigator under Article of War 70 was signed by him as Adjutant on behalf of the Commanding General.[10]

Petitioner further confuses the reference to Captain Niec as the person signing the charges. The Record shows that the original charges upon which the appointment of an Impartial Investigator under Article of War 70 was predicated, were signed by Captain Niec.[11] It is possible that Lt. Tytus may have assisted Captain Niec in such

---

"By the Court:—You will understand, Mr. Bigrow, that in your argument you will be confined to such testimony as is before the Court. Do you intend to stand completely on the record, plus the one witness you put on?

"By the Petitioner:—A. Yes sir.

"By the Court:—You want the decision this time on the record and not on any factual testimony you will produce?

"By the Petitioner:—I want it on the complete Court Martial record.

"By the Court:—The only testimony will be this one witness?

"By the Petitioner:—Yes sir.

"By the Court:—And then you will argue completely from the record and nothing else?

"By the Petitioner:—That is right.

"By the Court:—You don't want the testimony brought out at the other hearing incorporated in this record?

"By the Petitioner:—No sir.

"By the Court:—I am asking whether you want the testimony given in the other case made a part of this case?

"By the Petitioner:—No sir, I want to withdraw that.

"By the Court:—You are confining yourself exclusively to the record?

"By the Petitioner:—Yes, Your Honor.

"By the Court:—Put on your witness."

[4] Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

[5] Court-Martial Record, Pages 9 to 12.

[6] Court-Martial Record, Pages 7 and 8a.

[7] Court-Martial Record, Page 30.

[8] Court-Martial Record, Page 34.

"Prosecution: The general nature of the charges are manslaughter, in violation of the 93rd Article of War [10 U.S. C.A. § 1565] and misbehavior in the presence of the enemy in violation of Article of War 75 [10 U.S.C.A. § 1547]. The charges were signed by Captain Stanislaw Niec, 35th Tank Battalion, investigated by 1st Lieutenant John B. Tytus, 35th Tank Battalion, and were forwarded by the Commanding Officer of the 35th Tank Battalion. No member of the court will be a witness for the prosecution nor do the records in the present case disclose ground for challenge of any member of the court. If any member of the court is aware of any facts which he believes to be a ground for challenge by either side against any member, it is requested that he state such facts."

[9] Court-Martial Record, Page 15.

[10] Court-Martial Record, Page 17.

[11] See Charge Sheet, Court-Martial Record, Pages 13 to 15.

preliminary informal investigation, but this is not material to the issues involved.

In connection with the allegation of deliberate suppression of evidence and the denial of the right to interrogate a witness, the opinion as previously filed refers to testimony of the Petitioner at the first hearing. His request to disregard such testimony would not change the conclusions there reached. On the contrary, such request plus his failure to testify at the rehearing would leave such allegations totally unsupported by any proof whatsoever; and the conclusions reached in our previous opinion must, a fortiori, stand.

Accordingly, after rehearing had, our opinion as previously filed is reaffirmed, the petition for writ of habeas corpus is denied, and the rule to show cause dismissed.