Eddie D. UMFRESS and Robert E.
Burns, Petitioners,

v.

Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

Civ. A. No. 1658C.

United States District Court,
W. D. Missouri,
Central Division.

April 21, 1971.

Eddie D. Umfress and Robert E. Burns,
pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

## JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioners, state convicts confined in the Missouri State Penitentiary, have petitioned this Court for a writ of federal habeas corpus requesting relief from certain conditions of their confinement which they contend violate their federal rights under Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. Petitioners also request leave to proceed in forma pauperis. Leave to proceed in forma pauperis has previously been granted.

Petitioners state that petitioner Umfress has pending in various state and federal courts certain legal actions, including the following:

"1. Post-conviction remedial litigation in the Circuit Court of Cole County, Missouri, Umfress, et al. v. State, Case No. 24,598;

"2. Appeal pending in the United States Court of Appeals for the Eighth Circuit, Umfress, et al, v. Swenson, Case No. 20313;

"3. Civil Rights Complaint in the United States District Court for the Western District of Missouri, Civil Case No. 1493; and

"4. Petitions for writ of habeas corpus, injunction, temporary restraining order and mandamus in the Circuit Court of Cole County, Missouri, Umfress, et al, v. Swenson, Case No. 24851, and the Supreme Court of Missouri, Case No. 55965 and 56117";

that it is therefore necessary for petitioner Umfress to obtain legal assistance from inmate Burns "regularly and whenever necessary, not less than once a week and consistent with penitentiary regulations"; but that "since on or about April 20, 1970, the defendant and subordinate prison personnel have arbitrarily refused to permit plaintiff Umfress to consult, or otherwise be assisted, by plaintiff Burns, as his inmate counsel, relative to the aforementioned court actions pending in both state and federal courts, even though proper requests have been submitted to the authorities weekly by plaintiff Umfress, consistent with penitentiary Regulations appertaining to such procedures"; and that petitioners have exhausted their state remedies by filing petitions for habeas corpus and mandamus in the Circuit Court of Cole County, which have been summarily denied, and by filing a petition for habeas corpus in the Missouri Supreme Court which was denied on November 9, 1970, in part because "of showing by prison officials that petitioner has had reasonable access to inmate counsel in accordance with prison regulations," as the Missouri Supreme Court stated. Because petitioners may thereby have stated a denial of a federal right and may have stated the exhaustion of state remedies to permit their invocation of federal habeas corpus jurisdiction under the provisions of Section 2254, Title 28, U.S.C., the show cause order was issued herein on November 23, 1970. Respondent's response was filed on December 9, 1970, and his supplemental response was filed on January 8, 1971. Therein respondent averred that petitioners filed a petition for writ of mandamus and a petition for writ of habeas corpus in the Missouri Supreme Court; that both petitions were denied by the Missouri Supreme Court by the following order entered on November 9, 1970:

"Petitioner's motion for leave to file petition for writ of mandamus as a poor person sustained. Writ of mandamus denied. The petition for writ of habeas corpus is denied because of showing by prison officials that petitioner has had reasonable access to inmate counsel in accordance with prison regulations";

and that the records of the Missouri State Penitentiary (copies of which are attached to the response) show that petitioner Umfress had 30-minute legal interviews with inmate Burns on each of the following dates:

May 26, 1970
May 27, 1970
June 17, 1970
June 23, 1970
June 29, 1970
July 3, 1970
July 8, 1970
July 15, 1970
July 24, 1970
August 8, 1970
August 19, 1970
September 1, 1970
September 2, 1970
September 16, 1970
September 25, 1970
October 1, 1970
October 2, 1970
October 7, 1970
October 13, 1970
October 28, 1970
November 18, 1970

Meantime, on December 29, 1970, petitioners filed a supplement to the original petition to which they attached documents purporting to be copies of requests to the prison administration that they be allowed to consult dated May 4, 1970,

May 12, 1970, May 18, 1970, May 25, 1970, June 1, 1970, June 8, 1970, July 27, 1970, August 15, 1970, September 7, 1970, August 24, 1970, October 19, 1970, November 2, 1970, November 9, 1970, November 16, 1970, and November 23, 1970, and further alleged that, because of being denied opportunities to consult on those occasions, petitioner Umfress was disabled from making timely filings in Umfress v. State, No. 24,598, in the Circuit Court of Cole County, Missouri, "to disqualify the Judge and have the matter called up for a timely hearing"; that Umfress has been unable to file a postconviction motion in Illinois; and that he has been unable to make timely filings in Umfress v. Swenson (W.D. Mo.) Civil Action No. 1476, in this Court. In support of the last contention, petitioners refer to orders entered by this Court on September 25, 1970, and October 28, 1970. The judgment of September 25, 1970, dismissed that action for failure to state a claim under the Federal Civil Rights Act, and that of October 28, 1970, denied Umfress leave to appeal in forma pauperis. Both orders mentioned that petitioner's particularized statement of facts had been filed late, but the dismissal was because no claim was stated, even considering the late statement, and because the allegations in Civil Action No. 1476 were duplicates of allegations made in petitioner's other pending civil actions in this Court in which the same relief was requested. No showing of denial of access to the courts or any prejudice to petitioner's legal rights is therefore made in this regard.

Further, petitioners did not in their traverse meet and contradict the averments of respondent that they had 30-minute legal consultations on the dates set out above.

■ It was therefore ordered that petitioners file a traverse admitting or denying the averments of respondent's response. Petitioners filed their traverse on January 29, 1971. Therein, petitioners denied that they had been granted interviews with each other respecting legal matters on some 13 dates on which

respondent had averred that interviews were granted. Petitioners did not, however, deny the averment of respondent that they were granted interviews on the following dates:

June 17, 1970
June 23, 1970
July 15, 1970
July 24, 1970
August 19, 1970
September 2, 1970
September 16, 1970
October 28, 1970

Petitioners further state in the traverse that they:

"have been denied legal interviews on at least fifteen separate occasions since May 1, 1970, upon specific request by plaintiff Umfress, even though inmate counsel regulations provide that such legal interviews shall be arranged upon request by the prisoner.'"

Because, ordinarily, it would have appeared that the eight interviews which petitioners admittedly had been permitted would be enough, under the rule of Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, unless petitioners could state specific reasons why each of the other requested interviews was necessary, it was ordered that petitioners file a supplemental traverse in which they should state the 15 dates on which they requested interviews since May 1, 1970, and the necessity which was stated to respondent for each request and the facts which warranted the request for interview on each date. The supplemental traverse which was filed by petitioners on February 18, 1971, was not altogether responsive to that order. In that traverse, petitioners pertinently stated as follows:

"That the fifteen occasions when plaintiffs were denied legal interviews as stated in their heretofore filed traverse, were: May 4, 1970; May 12, 1970; May 18, 1970; May 25, 1970, June 1, 1970; June 8, 1970; July 27, 1970; August 15, 1970; August 24, 1970; September 7, 1970; October 19,

1970; November 2, 1970; November 9, 1970; November 16, 1970; and November 23, 1970.

"That said legal interviews were, and are, vital and necessary to the litigation of certain court actions which plaintiff Umfress currently has pending in both state and federal Courts; to wit: Umfress, et al. vs. State, Case No. 24,598, a post-conviction remedial proceding (sic) pending in the Circuit Court of Cole County, Missouri; and Umfress vs. Swenson, Case No. 24,572, a replevin action pending in the Circuit Court of Cole County, Missouri; and it is further submitted that because of the denial of said legal interviews plaintiff Umfress ·has been unable to make necessary filings relative to these court actions or to otherwise prepare same for hearing and trial.

"Additionally, plaintiffs submit that they are being denied a fundamental right afforded to the other inmates of this institution arbitrarily by the defendant and subordinate prison personnel acting 'under color of State Law', to their serious detriment.

"That on or about February 9, 1971, plaintiff Umfress submitted an Application and Affidavit for Disqualification of the Honorable William H. Becker as Judge in this cause and it is submitted that this said application and affidavit should be acted upon before further proceedings in this cause."

But petitioners did not thereby sufficiently state the *particular* facts which justified *each* request for interview and which were stated to respondent to justify *each* request for interview. The general allegation that petitioner Umfress had "certain court actions . . . currently . . . pending in both state and federal courts" was not sufficient to show insufficiency of legal consultation when the eight consultations which were allowed would appear to be sufficient, barring unusual complications in the cases being maintained by Umfress or

particular filing deadlines which had to be met, when requests for legal interviews were made.

■■ Because of the failure of petitioners to state any necessity for the legal consultations which were allegedly denied, the Court entered its order on March 11, 1971, directing:

"that petitioners file a second supplemental traverse within 10 days of the date of entry of this order in which they state with particularity the reasons given to respondent for desiring legal interviews on *each* of the 15 dates listed in their supplemental traverse and the particular facts which warranted interviews on *each* of those dates." (Emphasis in original.)

In the second supplemental traverse then filed out of time on March 23, 1971, petitioners refused to make any response to the order of the Court, instead protesting that they should not be required to make any particular factual statement of their claim of denial of federal rights. The second supplemental traverse read as follows:

"1. Plaintiff Umfress submits that it is not a general allegation that he has certain legal actions pending in both state and federal courts when he further specifies said court actions . . . .

"2. As can be evidenced by the instant cause of action, in which plaintiff has been compelled to file one traverse, one supplemental traverse and directed to file a second supplemental traverse, the initial filings in any cause of action is merely the institution thereof and in order to fully, properly and adequately litigate such cause of action certain filings are mandatory, such as traverses, timely motions and applications under discovery.

"3. Plaintiff submits that under the restrictions which this court would impose upon inmate counsel, such inmate counsel is rendered ineffective, for not even the most skilled of attorneys could adequately and sufficiently litigate a cause of action

under such restrictions. Restrictions which, in any event, apply only to the two plaintiffs in the instant cause of action. Rules and regulations here at the state prison appertaining to inmate counsel make no stipulation that letters requesting consultation between inmate client-inmate counsel must set forth the details necessitating such consultation. To subject these plaintiffs to these said restrictions in itself denies plaintiffs 'due process of law' and 'the equal protection of the laws' by depriving them of rights, privileges, and immunities, afforded to all other inmates of this penal institution.

"4. The purpose of inmate counsel is to insure that indigent prisoners have reasonably free access to the courts, but such reasonably free access to the courts indeed *becomes* a farce and mockery where, as in the instant case, the indigent prisoner unskilled in the science and tactics of law is forced deeper and deeper into a labyrinth of legal technicalities, redtape and non-extant rules and regulations, while the respondent, the state and its agents are represented in all matters only by the most skilled of attorneys." (Emphasis petitioners'.)

The requirement that a second supplemental traverse be filed, however, was imposed primarily for petitioners' benefit in order to grant them an opportunity to state a claim of denial of a federal right. It was necessitated by their failure originally or in any pleading in this case to state the facts on which they relied. Otherwise, their statements that some requests for legal interviews were denied, while others were admittedly granted, did not, as noted above, state any violation of Johnson v. Avery, *supra,* in the absence of any showing that the interviews were necessary and unreasonably denied. The general allegation that certain court actions were pending is insufficient as a statement of why an extraordinary number of interviews should have been granted. Specific factual reasons should have been stated to justify interviews in excess of the eight which were granted. Such factual specificity is necessary in habeas corpus actions. As was stated in Aubut v. Maine (C.A.1) 431 F.2d 688:

"We do not accept 'notice' pleading in habeas corpus proceedings. Were the rule otherwise, every state prisoner could obtain a hearing by filing a complaint composed . . . of generalizations and conclusions. The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence."

Nor can it be regarded as an undue burden, as petitioners claim it is, to require them to state the facts which entitled them to relief. Statements of facts would not, as they suggest, require any special legal expertise, but rather only requires the petitioners to state from their personal memories the basic facts upon which their claim is based. In Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, the Supreme Court of the United States approved the practice of issuing a show cause order and then permitting the respondent to file a response to be traversed by petitioner. It is this pleading procedure, rather than the discovery processes referred to by petitioners, which properly applies in habeas corpus actions. In that case, the Supreme Court stated:

"By this procedure *the facts* on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." (Emphasis added.) 312 U.S. at 284, 61 S.Ct. at 578, 85 L.Ed. at 835.

In the case at bar, however, petitioners have frustrated the pleading process described above by the United States Supreme Court by refusing to state the facts on which they rely. Petitioners insist they are entitled to relief because they have stated that they are entitled to it. Their continuing refusal to state the facts upon which they rely and instead to challenge the propriety of the Court's inquiry constitutes an abuse of the writ of habeas corpus, which itself is a ground for denying relief. See Carrell v. Swenson (W.D.Mo.) Civil Action No. 1597. Further, when petitioners have admittedly been permitted to confer some eight times on legal matters and have failed and refused to specify the circumstances justifying some 15 other denied requests, no violation of Johnson v. Avery, *supra*, has been stated. Under that decision, prisoners are not entitled to legal assistance on their request therefor, but rather:

> "the State may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to abuse both the giving and the seeking of assistance in the preparation of applications for relief: for example, by limitations on the time and location of such activities and the imposition of punishment for the giving or receipt of consideration in connection with such activities." 393 U.S. at 490, 89 S.Ct. at 751, 21 L.Ed.2d at 724.

Therefore, the prison regulation referred to by petitioners which requires them to state facts warranting a requested legal interview does not, as they suggest, deny them due process of law. Further, when this requirement is stated by petitioners to be a prison regulation, it is difficult to understand how it might constitute a denial of equal protection of the laws, as they suggest, absent any allegation or inference of uneven application.

For the foregoing reasons, the petition herein for habeas corpus must be denied for the separate and independent reasons of (1) abuse of the writ and (2) failure to state the denial of any federal right.

It is therefore

Adjudged that the petition herein for habeas corpus be, and it is hereby, denied.