**Robert Darst SMITH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2755.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 28, 1971.

Robert Darst Smith, pro se.

John L. Bowers, U. S. Atty., by Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant, in custody under the sentence of this Court in United States of America, plaintiff, v. Robert Darst Smith, defendant, criminal action no. 7107, this district and division, claims the right to be released on the ground, *inter alia,* that such sentence is subject to collateral attack, 28 U.S.C. § 2255, in that his plea of guilty to the indictment therein was not voluntarily made after proper advice and full understanding of the consequences. In essence, he claims: that he had been told by an investigating agent of the Federal Bureau of Investigation that, if he did not cooperate, the agent would file charges against a lady, friend of the movant; that such agent promised him leniency; that his court-appointed attorney advised him he would probably receive a sentence of eighteen months, and the attorney "thought he could arrange it with" the United States attorney; that the same FBI agent also told him that the Court would be lenient in passing sentence; and, that the movant changed his plea from not guilty to guilty during the trial " * * * thinking I would receive an eighteen months sentence. I was subsequently sentenced to the maximum sentence of five years. * * *"

 The aforementioned FBI agent and attorney have executed affidavits denying each claim of the movant involving such person, and these affidavits are part of the record herein. As these matters relate to purported occurrences outside the presence of the Court, the affidavits cannot be considered as a part of the files and records of the case, and under ordinary circumstances the movant would be entitled to a hearing on the divergence between the factual allegations of his motion and the denials contained in the opposing affidavits. Doyle v. United States, C.A. 9th (1964),

336 F.2d 640, 641 [2]. Although affidavits are not to be the sole basis of disposition of controverted factual issues in an ordinary habeas corpus proceeding, Smith v. State of Idaho, C.A. 9th (1967), 373 F.2d 149, 157, n. 2, rehearing denied (1967), citing Walker v. Johnston (1941), 312 U.S. 275, 285, 61 S.Ct. 574 [3], [4, 5], 85 L.Ed. 830, this Court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner, 28 U.S.C. § 2255; and this Court has heretofore adjudicated that Mr. Smith's guilty plea, coming after the aforementioned events outside of Court, was voluntarily made after proper advice and full understanding of the consequences.

The files and records in the aforenumbered criminal action no. 7107 reflect that on November 25, 1970, during the movant's criminal trial, he filed a petition which included his following assertions:

\* \* \* \* \* \*

I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed me, and has counselled and advised with me as to the nature and cause of every accusation against me, and as to any and all possible defenses I might have in this case.

\* \* \* My attorney has advised me that the punishment which the law provides is as follows:

Five years in the penitentiary and five thousand Dollar fine either or both,

also that probation may not be granted \* \* \*.

\* \* \* \* \* \*

\* \* \* I declare that no officer or agent of any branch of government (Federal, State or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "GUILTY". I hope to receive probation, but *I am prepared to accept any punishment permitted by law which the Court may see fit to impose.* \* \* \* [Emphasis supplied.]

\* \* \* I believe and feel that my attorney has done all that anyone could do to counsel and assist me, and that I now understand the proceeding in this case against me.

\* \* \* I know the Court will not accept a plea of "GUILTY" from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead "GUILTY", and respectfully request the Court to accept my plea, as follows:

to Count I in the indictment.

\* \* \* I declare that *I offer my plea of "GUILTY" freely and voluntarily and of my own accord,* and I feel and believe that I understand, the statements set forth in the petition, and in this petition, and in the "Certificate of Counsel" which is attached to this petition. [Emphasis supplied.]

\* \* \* \* \* \*

Signed by me in open court in the presence of my attorney \* \* \*.

\* \* \* \* \* \*

Thus, while the movant Mr. Smith may, or may not, have been in position to have entered a plea of guilty to the indictment therein freely and voluntarily and of his own accord at some time prior to doing so before this Court, the record and files of this Court show conclusively that the movant acted freely, voluntarily and of his own accord at the time his plea was offered and cautiously accepted by the Court, and that he is entitled to no relief. 28 U.S.C. § 2255; *cf.* Machibroda v. United States (1962), 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Even so, were any material allegation of fact by Mr. Smith not opposed by the aforementioned affidavits, the Court would grant Mr. Smith an evidentiary

hearing on the disputed facts. It strains credulity to conclude that a rational being would stand before a Court and urge the acceptance of his guilty plea to an indictment, by stating that it was not induced by promises or leniency or threats of reprisal, if, at that very time, he "thought" a lenient sentence had been "arranged" for him. Persons who become judges don't thereby depart their common sense. Accordingly, the movant Mr. Robert D. Smith hereby is

Denied all relief. Rule 58, Federal Rules of Civil Procedure. This Court not being certain whether 28 U.S.C. § 2255 requires it to labor through an initial motion to vacate and set aside a sentence to adjudicate a matter which he has already adjudicated, should the movant give timely notice of an appeal, he hereby is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.