**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FORTUNATUS B. WILCOX,

      Plaintiff-Appellant,

v.

FRANCISCO ALEMAN, JR.; L.E.
FLEMING, Warden, FCI El Reno;
KATHLEEN HAWK SAWYER,

      Defendants-Appellees.

No. 00-6221
(D.C. No. 99-CV-854-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Fortunatus Wilcox is a federal prisoner seeking a writ of habeas corpus

under 28 U.S.C. § 2241. (Doc. 5.) Francisco Aleman, a prison guard, filed an

incident report stating that he had found illegal drugs in Wilcox's locker. (Doc. 8,

attach. 4.) Wilcox denied this charge and argued that he had been framed by

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Aleman. (Id.) A discipline hearing officer found that Wilcox had committed the charge and, among other sanctions, disallowed 41 days of good conduct time. (Id. attach. 9, at 4.)

In his habeas petition, Wilcox alleges that he was denied due process at the discipline hearing because (1) there was insufficient evidence to support the disciplinary conviction; and (2) he was deprived of his right to call witnesses at the hearing. (Tex. Doc. 19, at 4.) A magistrate judge recommended denying the habeas petition, finding there was some evidence supporting the conviction and there was no evidence other than his "conclusory allegation" that he was deprived of the right to call witnesses. (Doc. 18, at 6.) The district court, on de novo review, accepted the magistrate judge's recommendations and denied the petition. (Doc. 20, at 2.)

Respondents do not challenge that Wilcox has a liberty interest in his earned good conduct time. Cf. Jackson v. Warden, Admin. Maximum, No. 96-1222, 1997 WL 158136, at *2 (10th Cir. Apr. 2, 1997) ("It is true that federal inmates have a liberty interest in earned statutory good time credits."). When a discipline hearing may result in a loss of good conduct time, the Due Process Clause requires that the prisoner receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his

defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985). In addition, the discipline hearing officer's findings must be supported by "some evidence in the record." <u>Id.</u> Wilcox does not challenge the hearing on the first or third grounds. We therefore consider only the other two.

I. <u>Some Evidence</u>

It is clear that the record provides <u>some</u> evidence to support the hearing officer's findings. Aleman's incident report stated that he had found a bag of a "brown tar like substance" in Wilcox's locker that tested positive for amphetamines. (Doc. 8, attach. 4.) Although Wilcox disputes the truth of this report, the Due Process Clause requires no more in such a hearing. We therefore affirm the district court's rejection of Wilcox's evidentiary argument.

II. <u>Right To Call Witnesses</u>

Wilcox originally requested witnesses at his hearing (Doc. 8, attach. 9, at 2), but on the date of the hearing, he signed a waiver of this right. (<u>Id.</u> attach. 5.) A prisoner may waive the right to call witnesses. <u>See</u> <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996). To be enforceable, however, a waiver must be knowing and voluntary. <u>See, e.g.</u>, <u>United States v. Cockerham</u>, — F.3d —, 2001 WL 43016, at *2 (10th Cir. 2001)(waiver of statutory right to appeal).

In this case, Wilcox contends he was coerced into waiving his right to call witnesses. (Tex. Doc. 19 (habeas petition), at 2.) The magistrate judge suggested that this was a "conclusory allegation" without any supporting facts or evidence. (Doc. 18, at 5-6.) The district court likewise concluded that "petitioner's allegation is not supported by facts or evidence in the record" and "the record contains no evidence to support petitioner's claim that he was coerced." (Doc. 20, at 2.) Our review of the record, however, reveals what appears to be admissible evidence in support of his allegation. Wilcox submitted a declaration under the penalty of perjury (which he labeled an "affidavit") stating that the discipline hearing officer "DENIED Petitioner ALL Petitioner's relevant witnesses against the Petitioner's FREEWILL and threatened to KICK PETITIONER OUT OF THE HEARING." (Doc. 12, ¶ 8.) Although this statement does not specifically refer to Wilcox's signing the waiver, we believe it could reasonably be seen as evidence that the signing was coerced. Wilcox also asserts that there was an eyewitness to this incident, but did not submit a declaration from her. (Id.) Nonetheless, Wilcox's own statement, even if uncorroborated, constitutes competent evidence that he was coerced. Moreover, we have not found any evidence in the record contradicting Wilcox's assertion that he was threatened with expulsion from the hearing. On this record, we cannot say that the allegations are so "palpably

incredible" or "patently frivolous or false," <u>Blackledge v. Allison</u>, 431 U.S. 63, 76 (1977), that summary dismissal is appropriate.

Because there appears to be a material dispute of fact as to whether Wilcox validly waived his right to call witnesses, the district court should conduct an evidentiary hearing. <u>See</u> <u>Walker v. Johnston</u>, 312 U.S. 275, 285-86 (1941). We therefore reverse the district court's ruling on this issue and remand for further proceedings.[1]

III. <u>Conclusion</u>

We GRANT Wilcox's motion to proceed on appeal in forma pauperis. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings. Respondents have represented that Wilcox's projected release date is May 27, 2001. (Doc. 8 at 4.) Should Wilcox ultimately prevail on his habeas petition, we presume the release date would be even sooner. We therefore instruct the district court to proceed as expeditiously as possible on remand.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]We express no view on whether the discipline hearing officer could have excluded Wilcox's witnesses on relevance grounds. (<u>Cf.</u> Doc. 8, attach. 9, at 2.) Although the magistrate judge suggested this might be the case (Doc. 18, at 6 n.3), the district court did not rule on this issue and Respondents have not raised it on appeal as an alternate basis for affirming.