In the Matter of TRU-MATIC MACHINE & TOOL Co., INC., Petitioner, against GEORGE BANTZ et al., Constituting the Zoning Board of Appeals of the City of Mount Vernon, Respondents, and MARY O. MILLER et al., Interveners, Respondents.

Supreme Court, Special Term, Westchester County, July 18, 1949.

*Aronson, Hecht & Yules* for petitioner.

*Harold Borgwald, Corporation Counsel (Walter B. Solinger, II,* of counsel), for respondents.

*Arthur H. Ellis* for interveners, respondents.

FLANNERY, J. The order permitting the intervening respondents to become parties to the proceeding was signed and dated June 8, 1949, and entered June 9, 1949. From that time forth no act or proceeding requiring the court's permission, after notice to all parties, or the consent of all parties, could be done or taken without notice to the intervening respondents or without their consent. The stipulation dated June 6, 1949, without regard to the day or days of its actual execution, could not validate the amended petition verified June 13, 1949, and filed June 15, 1949, nor authorize its filing at that time. As actually signed by counsel for all parties to the proceeding it, in terms, limited any amended petition to one other than the amended petition actually verified and filed. Without the signature of the attorney for the intervening respondents, it could authorize no amended petition at all. The technicality of the attorney for the intervening respondents may not edify but his right to every technical advantage cannot be questioned. The amended petition attempts to interpose an additional and wholly different basis for review and must, accordingly, be rejected, and may be neither received nor considered by the court. Petitioner's cross motion for permission to serve it must, then, be denied, the intervening respondents' motion to strike it from the record of the proceeding must be granted, and the motion of the respondents to dismiss it for insufficiency in law becomes academic and no decision thereon need or will be rendered by the court.

The proceeding stands, then, as it would have stood had none of the practice motions been made and the court must go back to the petition on which the notice of the petitioner, dated February 2, 1949, rested. No motion has been made attacking the original petition and if one had been made the court believes it would have been of no avail. The three affirmative defenses in the answer all rested on questions of fact. Accordingly, the only

questions raised by the petition and answer are those involving determinations under subdivisions 6 and 7 of section 1296 of the Civil Practice Act which by the provisions of that section must be referred to the Appellate Division, Second Department, by the Special Term. This follows because section 81 of the General City Law as originally enacted by chapter 743 of the Laws of 1920 provided in subdivision 1 that every decision of the board should be subject to review by certiorari, but by chapter 367 of the Laws of 1940 this was amended to provide that every decision of the board should " be subject to review as provided in article seventy-eight of the civil practice act." This was three years after the enactment of article 78 and twenty years after the original enactment of the statute. The only reasonable interpretation is that the amendment made the procedure subject to article 78 and that " the court " referred to in subdivision 4 of section 82 of the General City Law thereby became the Appellate Division of the Supreme Court when the evidence was to be weighed. Appeals from boards of appeals under section 179-b of the Village Law and section 267 of the Town Law do not present this difficulty for neither contains an express provision making the procedure under it subject to the provisions of article 78 of the Civil Practice Act. Both were enacted long before article 78 of the Civil Practice Act, both provided for a certiorari as it existed before article 78, both provided for application to " a court of record " and both authorized it to pass upon questions of fact. However, no express amendment ever later made either subject to the practice provided by article 78 of the Civil Practice Act and subdivision 10 of section 267 of the Town Law expressly provides for hearing " at a special term of the supreme court ". Apparently, then, although on certiorari from a town or village board of appeals the Special Term is still empowered to review the facts, on certiorari from a board of appeals under sections 81 and 82 of the General City Law this must go to the Appellate Division.

The questions of fact and discretion raised by the petition and answer, then, must be referred to the Appellate Division, Second Department, and this disposition will be made. The petitioner may submit an order accordingly.

Submit all orders on notice at chambers, Poughkeepsie, before August 1, 1949.