**UNITED STATES ex rel. JACKSON v. RUTHAZER, Warden.**

No. 191, Docket 21612.

United States Court of Appeals Second Circuit.

Argued March 1, 1950.

Decided March 17, 1950.

Writ of Certiorari Denied June 5, 1950.

See 70 S.Ct. 1027.

Curtis F. McClane, New York City, for appellant.

Frank S. Hogan, Dist. Atty. of New York County, New York City, Whitman Knapp, Peyton Moss, Asst. Dist. Attys., New York City, of counsel, for appellee.

Before L. HAND, Chief Judge, and GOODRICH and FRANK, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal in a habeas corpus case in which the relator has unsuccessfully appealed to a federal court for a discharge from custody. Jackson, the relator, is an escaped convict from Georgia. He was apprehended in New York State and upon the customary request from Georgia's Governor has been, by the Governor of New York, ordered turned over to the custody of Georgia officers. His appeal for help from a federal court is based upon the allegation that his treatment as a Georgia prisoner was of such brutality as to deprive him of his constitutional rights.

Jackson relies upon the decision of the Court of Appeals for the Third Circuit in Johnson v. Dye, 1949, 175 F.2d 250. The Supreme Court reversed Johnson v. Dye in a summary order. 1949, 338 U.S. 864, 70 S. Ct. 146. We interpret the reversal to indicate that the Supreme Court thought that the relator in that case had not exhausted his state remedies, since Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, was cited and the cited opinion bears only on that phase of the case.[1]

In this case, however, it appears that relator has exhausted all his state remedies. He applied for habeas corpus in the state courts. After hearing and decision by the

1. The entire *per curiam* opinion of the Supreme Court reads as follows: "The petition for writ of certiorari is granted and the judgment is reversed.

Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Mr. Justice Douglas took no part in the consideration or decision of this case."

trial judge [2] he appealed to the Appellate Division, which affirmed [3] the decision adverse to him in the court below. The Court of Appeals denied him to leave to appeal.[4] Then he unsuccessfully sought a stay from all the Justices of the Appellate Division of the Supreme Court of New York, First Judicial Department, and, likewise, all of the Justices of the United States Supreme Court who were available. We think the refusal of the stay as described completed the exhaustion of state remedies because, unless a stay was granted by someone having authority to grant it, the relator would certainly have been returned to Georgia and his case would have become moot so far as New York State was concerned.

The case before us does not require us to agree with or disagree with Johnson v. Dye and our decision here is not to be interpreted as a refusal to follow the Third Circuit doctrine expressed in that decision. We have here, however, a perfectly clear distinction between Johnson's case and that of Jackson. For the purpose of this decision we may assume that Johnson v. Dye, except for the exhaustion of state remedies point, was correctly decided.

In this case the relator was given a full hearing on the merits in a court of the State of New York. He told his story at length; he was represented by able counsel. That counsel cross-examined the witnesses for the State of Georgia who appeared and gave their testimony. We find nothing in what is pressed upon us now to indicate that the New York State hearing was not full and fair. We think it was.

In an elaborate opinion the trial judge decided against the relator. It is true that he expressed doubt whether under the law of New York the doctrine of Johnson v. Dye with its liberal scope to the inquiry under habeas corpus was available to him as a New York judge. But he also went fully into the merits of the testimony presented on each side. He made a careful examination of the evidence presented at the hearing, carefully rejecting a collection of affidavits presented on behalf of Georgia which he deemed inadmissible. Finally he reached the conclusion, upon his examination of the evidence, that the story told by the relator was not to be believed.

It is on this basis that we think that Johnson v. Dye is to be distinguished. The relator had a hearing which was both full and fair. A conclusion on the facts thus fully presented has been reached against him. We see no argument for saying that a man who has had such full opportunity for having his case heard before a distinterested and sympathetic court has any complaint. His rights have been as fully protected as any human system of administering justice can protect them.

The decision of the District Court will be affirmed.

**2.** People ex rel. Jackson v. Ruthazer, 1949, 196 Misc. 34, 90 N.Y.S.2d 205.

**3.** People ex rel. Jackson v. Ruthazer, 1949, 276 App.Div. 832, 93 N.Y.S.2d 729.

**4.** People ex rel. Jackson v. Ruthazer, 1950, 300 N.Y. ——, 90 N.E.2d 69.