**UNITED STATES ex rel. McLEOD**
**v. GARFINKEL.**
**No. 10778.**

United States Court of Appeals
Third Circuit.

Argued Jan. 5, 1953.

Decided March 4, 1953.

Anthony R. McGrath, McGrath, McGrath & McGrath, Pittsburgh, Pa. (Peter F. Flaherty, Pittsburgh, Pa., on the brief), for appellant.

F. W. Braden, Philadelphia, Pa. (Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

After hearing, a rule to show cause why a writ of habeas corpus should not issue was discharged by the district court and petitioner appeals.

The appellant is the wife of Clifford N. McLeod. In her petition she alleged that though her husband was a citizen by birth of the United States he was being held for deportation to Jamaica, British West Indies, by the Immigration and Naturalization Service. The return of the latter alleged that McLeod is an alien, a native of Jamaica, B. W. I. It set out in detail purported prior illegal residence by him in this country; that on January 23, 1941, he was ordered deported and did depart from the United States under a warrant of deportation August 21, 1941, upon receiving permission to enter Canada for a period of one year. Reentering the United States illegally on February 16, 1942, according to the return, he was arrested on December 29, 1942, charged with various violations of the immigration laws. Hearings were held on these in 1943 and on April 29, 1944, he was again ordered deported to Jamaica. Since that time there were various delays until October 12, 1950, when McLeod was ordered to appear at the Pittsburgh office of the Immigration and Naturalization Service on October 19, 1950, completely ready for deportation. The above referred to petition for writ of habeas corpus followed.

The hearing on the rule commenced October 25, 1950. At that time counsel for the petitioner explained to the court that he had just been served with a copy of the return and had not had the opportunity of replying to it. In order not to delay the hearing he asked for a stipulation that the allegations of the rule were denied. The District Attorney, while not expressly stipulating, stated that he doubted that even a return was necessary in the matter since only a rule to show cause had been issued. The hearing was proceeded with and some testimony taken. When this had been concluded the court allowed an adjournment in order that petitioner might have the opportunity to produce further evidence. The petitioner's case was finished June 25, 1951. Its main purpose had been to show that McLeod's father had

been born in the United States and that therefore McLeod was entitled to natural American citizenship. The return was never offered in evidence nor was there any other evidence offered on behalf of the Government.

On April 14, 1952, findings of fact, conclusions of law and an order discharging the rule to show cause were filed by the district judge. The fourth finding of fact reads as follows:

"4. The sworn return of respondent, officer in charge of the Immigration and Naturalization Service at Pittsburgh, Pennsylvania, alleges—and relator has produced no proof to the contrary—that

"a. C. N. McLeod left the United States as a member of the crew of the steamship 'Metapan' and reentered this country one month later as a seaman.

"b. C. N. McLeod remained in this country thenceforth, 1927 to 1941.

"c. On April 21, 1933, C. N. McLeod was convicted of petty larceny in New York.

"d. On January 23, 1941, C. N. McLeod was ordered deported to Jamaica. On August 21, 1941, he voluntarily left the United States for Canada, which he had permission to enter temporarily. On February 16, 1942, he reentered the United States from Canada without a border card.

"e. On December 9, 1942, a warrant for the arrest of C. N. McLeod was issued under the immigration laws.

"f. Pursuant to the warrant, deportation hearings were held on four occasions in 1943. C. N. McLeod was represented by counsel at all these hearings.

"g. On April 29, 1944, the Commissioner of Immigration and Naturalization found the charges against C. N. McLeod to be sustained and ordered his deportation to Jamaica.

"h. Stays of the deportation order were granted to permit C. N. McLeod to seek a pardon from the governor of New York, and, subsequently, the passage of private bills introduced in Congress on behalf of C. N. McLeod.

"i. On May 11, 1950, C. N. McLeod filed a motion with the Board of Immigration Appeals to reopen his case. The motion was denied on June 16, 1950.

"j. Relator does not allege—and has offered no evidence to this Court—that C. N. McLeod did not receive a fair hearing or that there has been a misapplication of law or abuse of discretion."

The fifth finding of fact reads:

"5. In the hearings before this Court, relator has sought to establish that the father of C. N. McLeod was a citizen, by birth, of Alabama. Her proof has been totally unconvincing. At a hearing before the naturalization examiner, C. N. McLeod testified that his father's name was James Edward McLeod and that he had 'died in Jamaica somewhere around 1931.' That individual was clearly not the same person as the man who died in January, 1945 and who was known as 'Abird', 'Boise' and 'Birdie' McLeod."

In the above quoted fifth finding the court held that the proof offered on behalf of the petitioner in an effort to establish the American citizenship of McLeod's father was totally unconvincing. The language immediately following that conclusion in the finding indicates that the conclusion was arrived at, to some degree at least, because the petitioner's proof differed in a major respect from McLeod's evidence given " * * * at a hearing before the Naturalization Examiner." The evidence referred to was not part of the record below. It was not an exhibit in evidence nor was it testified to by anyone. It is not referred to in the return. Though McLeod had been a witness in the district court and was cross-examined, his purported testimony before the Naturalization Examiner was not mentioned.

In his conclusions of law the district judge found that McLeod is not a citizen of the United States and that his father

394

had not been such citizen. The fourth conclusion of law is that McLeod " * * * is being held pursuant to an order duly issued after hearings here unchallenged."

It is apparent that the decision of the district court was to a substantial extent arrived at from evidence which was not before the court in this habeas corpus proceeding. In addition to considering the allegations of the ex parte return to be important uncontradicted evidence against the petitioner's basic proposition as advanced at the hearing that McLeod's father was an American citizen by birth,[1] the court also accepted for the same purpose an excerpt of testimony from some prior proceeding which was no part of the record below.

The order of the district court of April 14, 1952, will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

1. This was directly contrary to the practice rule laid down in Walker v. Johns-ton, 312 U.S. 275, 285, 61 S.Ct. 574, 85 L.Ed. 830. Cf. 28 U.S.C. Section 2246.