**UNITED STATES ex rel. THOMPSON**
**v.**
**DYE.**
**No. 11136.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 11, 1953.
Decided Dec. 16, 1953.

**2.** Metzger v. Spector Motor Service Inc., 2 Cir., 119 F.2d 690; Binder v. Commercial Travellers Acc. Ass'n, 2 Cir., 165 F.2d 860, 902.

**566**

Zeno Fritz, Louis C. Glasso, Pittsburgh, Pa., for appellant.

Albert A. Fiok, Asst. Dist. Atty. for Allegheny County, Pittsburgh, Pa. (James F. Malone, Jr., Dist. Atty., Pittsburgh, Pa., Frank F. Truscott, Atty. Gen., on the brief), for appellee.

Frank P. Lawley, Jr., Asst. Atty. Gen. of Pennsylvania, for Commonwealth of Pennsylvania.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The appellant is a prisoner under sentence of death imposed by a Pennsylvania court. He appeals to us from a judgment of the District Court for the Western District of Pennsylvania, entered after full hearing, denying him a writ of habeas corpus, 113 F.Supp. 807. Two deficiencies of the present submission, one not correctible here, prevent us from making a decisive disposition of the litigation at this time.

First, the principal contention of the petitioner in the District Court was that the state officer who prosecuted him had been informed before trial by William Heagy, one of the two police officers who arrested appellant shortly after the homicide, that appellant when arrested appeared and acted drunk, incoherent and crazed—this statement being diametrically opposed to the state's contention that accused was in full possession of his faculties when arrested, and inferentially at the time of the killing. Yet the prosecution neither called Heagy nor advised the court or the defense that this testimony was available. In this habeas corpus proceeding Officer Heagy testified that he did inform the prosecutor as appellant now charges. The prosecutor denied this. The District Judge made no finding which of these accounts he believed. We think a finding on this issue is essential to a proper disposition of this case on its merits. Apparently, the District Judge thought this finding unnecessary because he was satisfied that the prosecutor acted in good faith believing that the truth of the matter was represented by evidence to the effect that the accused was in full possession of his faculties at the time in question. We, however, think the omitted finding goes to the very essence of the complaint of fundamental unfairness.

For the foregoing reason the cause must be remanded. But since it may come here again we also note a second point. Many factual matters about alleged testimony and other occurrences at the original trial and subsequent stages of this litigation were argued on this appeal. A number of them are entirely outside the disclosures of the Appendix filed by appellant as representing

all of the record appellant thinks this court need consider. The appellee filed no Appendix whatever although much of his argument was totally outside and beyond the record as reproduced in appellant's Appendix.

█ If any part of the record or other factual information about the state proceedings which is not a matter of judicial notice is relevant to this case it should be introduced in the District Court, and if this case comes here again all essential parts of the record must be reproduced in an Appendix as our Rule 24 plainly directs.

The judgment of the District Court will be vacated and the cause remanded for a finding of fact whether the court credited the testimony of the police officer or the prosecutor as to what the former told the latter before trial about the condition of the accused at or about the time of his arrest. The District Court may in its discretion take further testimony or hear further argument, or both, before entering its additional or amended findings and whatever conclusions and judgment may be appropriate thereon.