**UNITED STATES ex rel. McLEOD**
v.
**GARFINKEL.**
Civ. A. No. 9155.

United States District Court
W. D. Pennsylvania.

Jan. 15, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for the United States.

Robert L. Prior, Pittsburgh, Pa., for Elizabeth B. McLeod.

GOURLEY, Chief Judge.

This is a habeas corpus proceeding which was instituted after the issuance of a deportation order against C. N. McLeod. A remand was issued by the United States Court of Appeals for the Third Circuit reversing the order of my late associate, Judge Owen M. Burns, issued on April 14, 1952, wherein petitioner's writ of habeas corpus was discharged. U. S. ex rel. McLeod v. Garfinkel, 3 Cir., 202 F.2d 392.

The remand is premised upon the fact that Judge Burns had given some weight in concluding that Clifford N. McLeod's father was not an American citizen to evidence elicited at a hearing before the naturalization examiner which was neither admitted as an exhibit nor made part of the record.

Pursuant to the remand, this court not only developed the record by permitting the admission in evidence of the record adduced before the Naturalization Commissioner, but in addition thereto, provided an extended hearing wherein petitioner was afforded opportunity to present any and all evidence which might tend to support petitioner's thesis that his father was a citizen, by birth, of Alabama.

The evidence submitted has proved totally unconvincing. Despite the testimony of C. N. McLeod before the naturalization examiner to the effect that his father's name was James Edward McLeod and that he had died in Jamaica, British West Indies, he has reversed his position and seeks to identify his father with an "Abird" McLeod, which latter name was entered in a book evidencing birth in the state of Alabama. The connection between C. N. McLeod's father and the said "Abird" McLeod is completely unestablished and unsupported. The testimony and inferences to be drawn therefrom point to the contrary, and no fragment of evidence exists to give any degree of substance to the contention advanced.

Upon review of the exhibits, the record of hearings before Judge Owen M. Burns, and testimony presented on hearing before this member of the court, I enter the following findings of fact and conclusions of law.

Findings of Fact

1. Elizabeth B. McLeod, petitioner, is the wife of Clifford N. McLeod.

2. Clifford N. McLeod was born in Jamaica, British West Indies, on February 2, 1901.

3. In the Spring of 1928, he entered the United States at New York City, after his discharge as a seaman. At that time he did not have a seaman's card or an unexpired consular immigration visa and he did not claim to be a citizen of the United States.

4. He continued to reside in the United States without again leaving the country.

5. On April 21, 1933, at New York City, New York, he was convicted on an indictment charging him with petty larceny. He received a suspended sentence and was placed on probation for three years.

6. On January 23, 1941, he was ordered deported for the reasons that:

(a) he had remained in the United States for a longer time than was permitted;

(b) he had entered the United States without a visa; and

(c) he had been convicted of a crime involving moral turpitude.

7. On August 21, 1941, Clifford N. McLeod voluntarily left the United States, under a warrant of deportation, to go to Canada.

8. Subsequently, on February 16, 1942, he re-entered the United States without a visa or passport and without inspection by the immigration officials.

9. On December 9, 1942, a warrant for his arrest was issued under the immigration laws. After several deportation hearings he was ordered deported to Jamaica, British West Indies.

10. In subsequent years the deportation was delayed to permit him to apply for a pardon, to the Governor of New York, and to permit him to have introduced, private bills in Congress. Finally, he was ordered to appear on October 19, 1950, at the office of the Immigra-

tion and Naturalization Service in Pittsburgh, ready for deportation. There then followed the instant habeas corpus proceeding.

11. In all of the years that Clifford N. McLeod had resided in the United States, up to 1950, he had always asserted that he was a British subject. He never knew, or claimed, that he was a citizen of the United States.

12. Clifford N. McLeod has always known his father as, and represented him to be, one James Edward McLeod.

13. The first time he had any information that his father may have been born in the United States was in August of 1949. On that date, an aunt, whom he had met once before, was in the Magee Hospital in Pittsburgh. When he went to visit her, she told him that his father, whom she referred to as "Boysy", had been born in the United States.

14. This revelation occurred in August of 1949. Subsequently, Clifford N. McLeod sent his wife, Elizabeth B. McLeod, and his secretary, Serena Vaughn, to Jamaica, British West Indies to seek further information which might substantiate the statement of his aunt. However, both Mrs. McLeod and Mrs. Vaughn have testified that they went to Jamaica for this purpose in May of 1949—four months before Clifford N. McLeod had talked with his aunt.

15. A book, which supposedly contained the entry of the birth of "Boysy" does not contain any such name. It does contain the name of "Abird" McLeod. This name was first revealed in this case at the proceedings held on June 25, 1951.

16. Clifford N. McLeod had previously stated that his father, James Edward McLeod, died in Jamaica somewhere around 1931.

17. The last wife of Clifford N. McLeod's supposed father was one Mary McLeod, who married him in 1915. She stated that her husband, Abird McLeod, died "about six years ago"—i. e., in 1945.

### Conclusions of Law

1. Clifford N. McLeod entered the United States illegally in 1928 and again in 1942.

2. The evidence by which he seeks to establish the citizenship of his father is vague, general and inconclusive.

3. There is no clear, competent evidence that "Boysy", "Boise", "Abird" and James Edward McLeod are one and the same person.

4. There is no clear, competent and convincing evidence that "Boysy" or "Abird" McLeod was born in the United States.

5. There is no clear and positive proof that "Boysy" or "Abird" McLeod was the father of Clifford N. McLeod.

6. Clifford N. McLeod is not a citizen of the United States.

An appropriate order is entered.