**UNITED STATES of America ex rel. Silvio DE VITA, Appellant,**

v.

**Lloyd W. McCORKLE, Principal Keeper of the New Jersey State Prison at Trenton, New Jersey, Respondent.**

**No. 11399.**

United States Court of Appeals
Third Circuit.

Argued Oct. 8, 1954.
Decided Nov. 19, 1954.

744

Isadore Glauberman, Jersey City, N. J., for appellant.

Charles V. Webb, Jr., Newark, N. J., C. William Caruso, Newark, N. J., on the brief, for respondent.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Petitioner and Joseph Grillo had been convicted in a New Jersey state court of first degree murder arising out of an armed robbery. Since there had been no recommendation for mercy by the jury, under the state law the convictions carried mandatory death sentences.[1] A third participant had also been found guilty of murder but as to him a jury recommendation of mercy had resulted in a life sentence.

■ On the particular phase of the case with which we are here concerned there had been an application to the state court for a new trial which had been denied. The state supreme court affirmed that decision on June 28, 1954.[2] Some time thereafter execution of appellant and Grillo was set for the week of August 15, 1954. During the interval the attorneys who had represented them withdrew from such representation. Appellant's present attorneys came into the matter August 12, 1954, a Thursday. On the next day on behalf of appellant they made three separate applications to Justices Black, Jackson and Clark for a stay of execution pending application for certiorari. They were advised Saturday of the refusal of the applications. Sunday intervened and the following

day, Monday, they appeared before the district judge on duty at Newark seeking an order directing appellee to show cause why a writ of habeas corpus should not be granted.[3] At that time while a definite day and time for the executions had not as yet been announced counsel expected that they might occur the next day, Tuesday. Under the circumstances the coming into the federal court was entirely proper. To wait until steps could be taken to exhaust the remedy of a formal petition for certiorari would have rendered the federal habeas corpus "process ineffective to protect the rights of the prisoner" as is stated in the alternative clause of the governing statute, 28 U.S.C. § 2254. Appellant and Grillo would have both been dead long since. See Thomas v. Teets, 9 Cir., 1953, 205 F.2d 236, certiorari denied 346 U.S. 910, 74 S.Ct. 240; United States ex rel. Jackson v. Ruthazer, 2 Cir., 1950, 181 F.2d 588, certiorari denied 339 U.S. 980, 70 S.Ct. 1027, 94 L.Ed. 1384.

There had been no prior application for habeas corpus to the district court on the grounds alleged in the petition. Those grounds were that a trial juror's fraudulent concealment on voir dire of allegedly disqualifying facts and his untruthful answers with respect thereto indicated such bias and prejudice on his part that DeVita was deprived of a fair trial by an impartial jury contrary to the Fourteenth Amendment of the Federal Constitution. The facts so concealed or falsified were stated to be that the juror had himself been a victim of a strikingly similar armed robbery within a year of the trial and that as a result he knew a number of detectives who it is strongly inferred were from the same specialized field of criminal investigation in the municipality which had been the locale of both offenses.

While, as will be seen, examination of the merits of petitioner's allegations is not now indicated[4] it should be noted

1. N.J.S.A. 2A:113-4.

2. State v. Grillo, 16 N.J. 103, 106 A.2d 294.

3. See 28 U.S.C. § 2243.

4. Appellee states that under the circumstances of the case the issues on this appeal are: " * * * was not the District Court justified in accepting the opinion

that a primary defense trial objective for all three defendants had been to obtain a jury recommendation of life imprisonment.

As has been stated the petition was filed in the district court August 16, 1954 and application for the writ or a rule to show cause why it should not be issued was made to the sitting district judge that same day. After presentation by counsel the district judge declared a recess. That same afternoon he returned to the bench and read his written decision. In it he stated that the court conceived the Supreme Court opinion in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, "to be the leading case on the problem with which the court is presented now, * * *." He then said:

"In the Brown v. Allen case the Supreme Court said, 'Application to district courts on grounds determined adversely to the applicant by the state court should result in a refusal of the writ without more *if the court is satisfied by the record that the state process has given fair consideration to the issues and the offered evidence and has resulted in a satisfactory conclusion.*'" (Emphasis supplied.)

He further stated:

"Now, *the only record which the Court has before it now is the opinion which Mr. Glauberman was good enough to give me, written by Justice Burling.*" (Emphasis supplied.)

The court concluded from the above that:

"* * * *my primary consideration in this application,* Mr. Glauberman and Mr. Alper, *is to see whether state process has given fair consideration to the issues presented here, * * *.*" (Emphasis supplied.)

Thereafter the district judge for four typewritten pages quoted from the state court opinion and, quite obviously convinced by that language, stated:

"So it is quite apparent *that the court did give ample and full consideration to the question which you now raise here,* and under Brown versus Allen it is clear what my duty is under the circumstances * * *

* * * * * *

"Therefore, I shall have to deny the writ peremptorily, * * *." (Emphasis supplied.)

Further on in the opinion the district judge remarked that the state courts "have much more time to *consider the merits* that you have raised before me than this court has. I realize the peremptory job that I have so I must dispose of it peremptorily and courageously as is my duty." [5] (Emphasis supplied.)

At the end of his opinion the judge said he would allow a certificate of probable cause and in his order dismissing the petition appears the following: "* * * probable cause for appeal is hereby certified."

of the New Jersey Supreme Court as the 'record' for its determination on whether the writ should issue, and did not the Court below properly deny the writ without plenary hearing?"

5. The district judge may have mistakenly assumed that he was under a duty of disposing of the issue immediately. His authority to issue a stay both before and after final judgment is clear from 28 U.S.C. § 2251 which reads: "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." So instead of being forced to take "the only record which the court has before it now", i. e. the state court opinion, the district judge could have stayed the execution pending his disposition of the application. During the period of the stay he could then have seen to it that the true state court record was brought before him.

Both sides agree that the Brown v. Allen doctrine was controlling in the district court. We are in accord with that theory.

The underlying facts are simple. The district judge made no attempt to dispose of the petition as insufficient on its face or absent the "record". See Mr. Justice Frankfurter's separate opinion in Brown v. Allen, supra, 344 U.S. at page 502, 73 S.Ct. 443, and Mr. Justice Jackson's concurrence, 344 U.S. at page 547, 73 S.Ct. 430. Cf. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830. Specifically he examined what he accepted as the state court record in the DeVita case or a substitute therefor but which unfortunately consisted solely of the opinion in that proceeding. In his opinion above referred to he makes it plain that he intended to and believed he had in fact considered the merits of the application. What he did actually was to examine the opinion and from that satisfy himself that the state court had given fair consideration to the issues raised by the petition as Brown v. Allen requires and that it had arrived at the satisfactory conclusion made necessary by the same decision.[6] That the district judge regarded the petition as raising a substantial question or questions is further evidenced by his certification of the action as possessing probable cause for appeal.[7] Appellee argues that this was motivated by the heart rather than the head. Though of no moment in the face of the solemn certification for appeal it is difficult to adopt such construction in the light of the judge's comment immediately prior to his allowance of the certificate in which he decried the cruelty of constant stays in capital cases where there had been convictions.

The state court opinion on which the district judge completely relied was not the "record" alluded to in Brown v. Allen, supra. Footnote 19, 344 U.S. at page 464, 73 S.Ct. at page 411, to that opinion makes this evident. The first sentence of that comprehensive exposition of just what the "record" means reads:

"When an application for habeas corpus by a state prisoner is filed in a federal district court after the exhaustion of state remedies, including a certiorari to this Court, it rests on a record that was made in the applicant's effort to secure relief through the state from imprisonment, allegedly in violation of federal constitutional rights."

The final sentence of the footnote states:

"If useful records of prior litigation are difficult to secure or unobtainable, the District Court may find it necessary or desirable to hold limited hearings to supply them where the allegations of the application for habeas corpus state adequate grounds for relief."

And see Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, 869–870, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; United States ex rel. Holly v. Commonwealth of Pennsylvania, D.C.W.D.Pa.1948, 81 F.Supp. 861, 864, 871, affirmed 3 Cir., 1949, 174 F.2d 480.[8]

The state court opinion does refer to certain evidence and does draw certain factual and legal conclusions therefrom. But without ever seeing the transcript of the state trial it is not enough to take that opinion as the record and from it adjudge that " * * * the state process has given fair consideration to the issues and the offered evidence, and has resulted in a satisfactory conclusion."[9] Brown v. Allen,

6. The latter requirement was not specifically discussed by the district judge.

7. See O'Brien v. Lindsay, 1 Cir., 1953, 202 F.2d 418, 421; cf. our opinion in this action on application for stay, 214 F.2d 823.

8. In United States ex rel. Smith v. Baldi,

344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549, relied on by appellee, the trial and appellate state court records were before the district court.

9. This is far from being a mere technicality. For example, the state supreme court opinion says, State v. Grillo, supra,

supra, 344 U.S. at page 463, 73 S.Ct. at page 410. Since the district judge conscientiously construed it his duty to examine the state court record he should have made sure that it was produced before him and, after studying the entire record, should have determined whether the state court had given fair consideration to the issues raised by the petition and had arrived at a satisfactory conclusion thereon. On appeal, with the original record before us, we would be in a position to pass upon the merits.

In the instant situation where the district judge thought it necessary to inquire into the merits of the application but apparently felt himself so circumscribed by the time element that he rendered his decision on the basis of what he had then before him of the state court proceedings, namely, the state court opinion alone, we think it sound law and good practice that this case be remanded to the district court for proper examination of the state court record on which it is based.

In United States ex rel. McLeod v. Garfinkel, 202 F.2d 392 we reversed the district court's denial of a writ for habeas corpus because the determination was founded on evidence not before the court. We remanded the cause for further proceedings. In the appeal at bar the finding of the district judge that the state court had given fair consideration to the particular issues raised by the petition and to the evidence connected with these issues and had reached a satisfactory conclusion was not founded on any original evidence at all for there was none before the court. In United States ex rel. Thompson v. Dye, 3 Cir., 208 F.2d 565, 566, after hearing the district judge declined to issue a writ. We reversed and remanded because he had made no finding as to which of the accounts he believed saying "the omitted finding goes to the very essence of the complaint of fundamental unfairness."

■ It might be that even in the existent circumstances if the petition on its face were frivolous or patently without justification we could so declare it but we do not so find. Nor do we find any abuse of discretion in the district judge's decision to investigate the merits of the petition. See Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392; Baker v. Ellis, 5 Cir., 1952, 194 F.2d 865.

Irrespective of the offenses for which they were convicted, DeVita and Grillo were not only entitled to a fair trial on their guilt or innocence but on the all important specific issue of a mercy recommendation by the jury which if given meant their lives would be spared. Since it is alleged that petitioner was tried by a jury that was not impartial on this issue and since the district judge decided without abuse of his discretion to investigate the merits of the application, it is the letter and the spirit of the Fourteenth Amendment that either the original state court record be itself carefully scrutinized or a hearing he held before any conclusion as to the alleged fundamental unfairness of the state court trial is reached. See United States ex rel. Trowbridge v. Pennsylvania, 3 Cir., 1953, 204 F.2d 689; United

16 N.J. at pages 114–115, 106 A.2d at page 300,:
"Finally Grillo asserted on this appeal that Kuhnle had falsely denied that he knew 'any of the State's officers or personnel.' *This point finds no support in the record* except insofar as stated in the newspaper article * * *.
" * * * it is *a fair inference* that even if the juror had occasional city police protection, that he answered the question as any reasonable person would do when

not versed in the law, namely that 'State's officers or personnel' meant State of New Jersey officials or employees and not City of Newark police or County of Essex officials." (Emphasis supplied.)
Without looking at the state record it would be impossible for the district judge to know whether this point did find any other support in the record and whether the state supreme court's conclusion was "a fair inference."

748

States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407, certiorari denied, Maroney v. U. S. ex rel. Darcy, 346 U.S. 865, 74 S.Ct. 103; United States ex rel. Daverse v. Hohn, 3 Cir., 1952, 198 F.2d 934, certiorari denied 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704; Ex parte Jacobs, D.C.S.D.N.Y.1954, 123 F.Supp. 393.

The judgment of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion. The stay of execution will be continued pending issuance of a new stay by the district court.