transfers to the defendant as called for in the agreement are made and recorded.

 In the matter of Else E. Callwood, Misc. No. 17–1954, counsel for Clifford W. L. Callwood, plaintiff herein, filed a motion to vacate the order of this Court granting to Else E. Callwood, as her own, a payment of $2,000 out of the $12,000 mortgage owed by Mr. Isaac Paiewonsky on property of the estate. This question is now moot in view of the opinion in this case, in that the agreement herein gives to Mrs. Else E. Callwood outright the mortgage owned by Mr. Paiewonsky. Therefore, the $2,000 which Mrs. Callwood has gotten comes out of property now hers.

Counsel for defendant herein has filed a motion asking the Court to set his attorney's fees in the three cases (Civil No. 365–1953, Civil No. 37–1954, Misc. No. 17–1954) involving these two parties and in all of which he has represented Mrs. Else E. Callwood. This Court will hear the matter between defendant's attorney, George H. T. Dudley, Esq., and the defendant as to fixing the fee herein, which matter may be set for a separate hearing.

Orders may be drawn in this case, Civil No. 37–1954, and also in Misc. No. 17–1954 in accordance with this opinion.

Robert L. Prior, Pittsburgh, Pa., for Clifford N. McLeod.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for C. Garfinkel.

GOURLEY, Chief Judge.

This is a second in a series of habeas corpus petitions instituted after the issuance of a deportation order against C. N. McLeod.

On January 23, 1941, the United States Department of Justice, Immigration and Naturalization Service, ordered his deportation premised upon the following:

(a) He had entered the United States without a visa.

(b) He had remained in the United States beyond such time as he was permitted under law.

(c) He had been convicted of a crime involving moral turpitude. It appears that on April 21, 1933, at New York City, New York, he was convicted on an indictment charging petty larceny.

Pursuant to an opinion and order of this court of January 15, 1954, 117 F.

**UNITED STATES of America ex rel. Clifford N. McLEOD,**

v.

**C. GARFINKEL.**

**Civ. A. No. 13204.**

United States District Court, W. D. Pennsylvania.

March 25, 1955.

Supp. 862, a rule to show cause why a writ of habeas corpus should not be granted was discharged, and petition for habeas corpus was denied for the reason that petitioner's thesis that his father was a citizen of the United States by birth was unsubstantiated.

As a result of petitioner's request for suspension of deportation on grounds that his deportation would cause great hardship to his dependent wife and child who are citizens of the United States, his deportation was delayed by the Immigration and Naturalization Service to permit him to process his application for a pardon to the authorities of the State of New York, both prior to the issuance of the order of this court of January 15, 1954 as well as subsequent thereto.

On January 13, 1955, a request was made to the United States Department of Justice, Immigration and Naturalization Service, on behalf of petitioner for a stay of deportation pending final disposition of his application for pardon by the State of New York, Executive Department, Division of Parole. Nevertheless, the Attorney General of the United States has refused to stay said deportation until the State of New York has taken final action upon the application for pardon.

Upon lengthy and most thorough hearing, during which detailed testimony was elicited, I had opportunity to glean the exact nature of the offense of petty larceny for which petitioner had been convicted. He had been guilty of removing a union card from a woman's purse when she voluntarily refused to give it to him.

I do not presently intend to alter, amend or disturb the ruling which this court enunciated on January 15, 1954.

Nevertheless, in view of the extended period of time which the Attorney General made available to process the pardon from the State of New York, both before as well as subsequent to the issuance of the order of January 15, 1954, it is my judgment that the action of the Attorney General in denying petitioner a stay of deportation pending final disposition of his application for pardon is arbitrary and capricious.

I do not suggest that the granting of a pardon, if such were to be secured, should prove conclusive one way or the other in the final determination of the Immigration and Naturalization Service as to the propriety of petitioner's deportation.

I must conclude, however, that failure to provide petitioner with an opportunity to obtain a ruling on his request for pardon for a crime involving moral turpitude, upon which a deportation order is to a certain degree based, is arbitrary and capricious, and would justify a stay of deportation for a period of sixty days in order to give petitioner sufficient time to obtain a final adjudication of his pending application for pardon before the authorities of the State of New York.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Clifford N. McLeod, petitioner, is an alien, having been born in Jamaica, British West Indies, on February 2, 1901.

2. The respondent is Charles Garfinkel, Officer in Charge, United States Department of Justice, Immigration and Naturalization Service, at Pittsburgh, Pennsylvania.

3. That Clifford N. McLeod entered the United States at the port of New York as a seaman on July 5, 1927 and illegally remained in the United States until a warrant of arrest was issued by the Immigration and Naturalization Service. He was granted the privilege of voluntary departure under an order of deportation and left for Canada on August 21, 1941. He reentered the United States by illegally claiming citizenship at Detroit, Michigan, on February 16, 1942.

4. That Clifford N. McLeod is married to Elizabeth Barbour McLeod and they have a minor child, Darlene Elizabeth McLeod. Both of the latter two persons were born in the United States.

5. Clifford N. McLeod has filed with the United States Department of Justice, Immigration and Naturalization Service, a petition for suspension of deportation on the grounds that his deportation would cause great hardship to his dependent wife and child who are citizens of the United States.

6. Clifford N. McLeod pleaded guilty to the crime of petty larceny in the State of New York on April 27, 1953. He has applied for a pardon to the state of New York, Executive Department, Division of Parole, and the said application for pardon has not been finally adjudicated by that agency.

7. That the United States Department of Justice, Immigration and Naturalization Service, has an outstanding order providing for Clifford N. McLeod's deportation for the reason, amongst others, that Clifford N. McLeod "admits the commission of a crime involving moral turpitude committed prior to entry, to wit, petty larceny."

8. On December 9, 1942 a warrant for his arrest was issued under the immigration laws. After several deportation hearings he was ordered deported to Jamaica, British West Indies.

9. In subsequent years the deportation was delayed to permit him to apply for a pardon to the Governor of New York, and to permit him to have introduced private bills in Congress. He was unsuccessful in his endeavor to secure passage of such special legislation. However, the authorities of New York State have never ruled on his application for pardon.

10. Finally, he was ordered to appear on October 19, 1950, at the office of the Immigration and Naturalization Service in Pittsburgh, ready for deportation. He filed a petition for writ of habeas corpus, alleging his father was a citizen. On January 15, 1954 an order was entered, dismissing this petition.

11. As a result of petitioner's request for suspension of deportation on grounds that his deportation would cause great hardship to his dependent wife and child who are citizens of the United States, his deportation was delayed by the Immigration and Naturalization Service to permit him to process his application for a pardon to the authorities of the State of New York, both prior to the issuance of the order of this court of January 15, 1954 as well as subsequent thereto.

12. On January 13, 1955, a request was made to the United States Department of Justice, Immigration and Naturalization Service on behalf of Clifford N. McLeod for a stay of deportation pending final disposition of his application for pardon by the State of New York, Executive Department, Division of Parole, and additional stay requested was refused even though application for pardon was never adjudicated.

13. By letter dated March 4, 1955, Clifford N. McLeod was directed to surrender himself to the respondent at his office, 709 Federal Building, Pittsburgh, Pennsylvania, promptly at 10:00 A. M., Tuesday, March 15, 1955, completely ready for deportation to his native country. The relator surrendered himself to the respondent in compliance with that order and was in custody of the respondent prior to and at the time of the hearing.

14. The Attorney General of the United States has refused to stay the deportation of the relator, Clifford N. McLeod, until the State of New York, Executive Department, Division of Parole, has taken final action upon his application for pardon and until the Attorney General has had time to consider whether to grant discretionary relief in view of the final action taken on said pardon.

### Conclusions of Law

1. This Court has jurisdiction of the above entitled matter.

2. Clifford N. McLeod entered the United States illegally in 1928 and again in 1942.

3. Clifford N. McLeod is not a citizen of the United States.

4. Clifford N. McLeod is properly deportable under existing laws, as an alien who illegally entered the United States.

5. The act of the Attorney General of the United States in ordering the deportation of Clifford N. McLeod without having determined and adjudicated his application for pardon in the State of New York is capricious and arbitrary.

6. Clifford N. McLeod should be granted a sixty day stay of deportation in order to attempt to obtain a final disposition of the pardon application before the State of New York, Executive Department, Division of Parole, and, if it is adjudicated during that sixty day period, to apply to the Immigration authorities for a reconsideration due to the change of facts and circumstances.

7. A favorable consideration will be given to a further extension of time, if, but only if, the relator, by petition, can demonstrate to the court that he has been unable to obtain a final adjudication of his pardon in the State of New York and of his application to the Immigration authorities for discretionary relief despite the faithful application of both the relator and his counsel to that task.

An appropriate Order is entered.