**UNITED STATES ex rel. Stanley SZOCKI**

v.

**Angelo C. CAVELL, Warden, and the Commonwealth of Pennsylvania et al.**

Civ. No. 15976.

United States District Court
W. D. Pennsylvania.

Sept. 23, 1957.

James C. Larrimer, Pittsburgh, Pa., for petitioner.

Herbert J. Johnson, Jr., Dist. Atty., Richard V. Scarpitti, Asst. Dist. Atty. of Erie County, Erie, Pa., for respondent.

MARSH, District Judge.

The relator has filed an application for a writ of habeas corpus upon which a rule to show cause why a hearing should not be held was granted and counsel appointed for the relator.

From the records produced at the hearing on the rule, it appeared that at No. 21 February Sessions, 1955, in the Court of Quarter Sessions for the County of Erie, Pennsylvania, the relator was found guilty of burglary and larceny by a jury and was sentenced to the Western State Penitentiary for not less than 5 or more than 15 years.

At No. 399 September Term, 1955, in the Court of Common Pleas of Erie County, relator filed a petition for a writ of habeas corpus, which on July 22, 1955, was dismissed without a hearing.

At No. 249 May Term, 1956, in the Court of Common Pleas of Erie County, the relator filed another petition for a writ of habeas corpus, alleging (1) "that his conviction was secured by the prosecution on perjured testimony knowingly introduced to obtain a conviction" and (2) that prosecuting officers suppressed evidence which, if introduced, would have been favorable to the Petitioner." He further averred that Stanley Szewczyk [1] implicated the petitioner "at the suggestion of the arresting officers and in fear of brutality at the hands of the Police Officers if he failed to implicate the Petitioner."

The affidavit of Stanley Szewczyk was attached to this petition which, in its pertinent part, relates:

"They (Police) also asked me 'if Szocki ever committed any crimes with me,' I said he did not. Then the police told me there was two men that robbed 'Harry's Sandwich Shop', and the police insisted that Szocki was with me, therefore, I got frightened by the impression the police made, namely, that I would get the third degree if I did not implicate Szocki with me in burglarizing 'Harr's Sandwich Shop' (sic). Therefore, under duress, I implicated Szocki with participating in burglarizing 'Harry's Sandwich Shop', which, I pleaded guilty to. However, Szocki was not there, or any other time, in any way, shape, or form implicated with me nor did he ever accompany me on the burglaries I committed or pleaded guilty to."

On April 7, 1956, a rule to show cause was granted, and counsel was appointed for the petitioner. Petitioner's appointed counsel filed a brief which contended that when a prisoner is convicted as a result of perjured testimony knowingly used by the prosecution, or of perjured testimony resulting from intimidation by the arresting officers, he is entitled to a hearing on a petition for a writ of habeas corpus.

However, it was thought by the Hon. Samuel J. Roberts, P. J., Orphans' Court, specially presiding, to whom the petitions were presented, and who was also the trial judge, that both the petition at No. 399 September Term, 1955, and the petition at No. 249 May Term, 1956, failed to show grounds justifying the issuance of a writ of habeas corpus, but were in the nature of motions for a new trial.[2] Thereupon, by order dated May 8, 1956, the last mentioned petition was referred:

" * * * to the Court of Oyer and Terminer where the defendant's case was tried. There the petition will be treated as though it were a motion for a new trial, and an appropriate order will be entered." [3]

1. Stanley Szewczyk was a co-defendant who pleaded guilty and testified for the Commonwealth at Szocki's trial.

2. See opinion at No. 399 September Term, 1955, Court of Common Pleas of Erie County, by Judge Roberts.

3. This order is at No. 417 May Term, 1956, which seems to be an erroneous designation, for the petition at No. 417 May Term, 1956, was not filed until the 4th day of March, 1957.

Whereupon, Judge Roberts, sitting in the Court of Oyer and Terminer, held a hearing on May 22, 1956, at which Stanley Szewczyk was produced as a witness and was examined at length by the appointed counsel for petitioner and was also cross-examined by the District Attorney and by the Court. The petitioner was not brought to this hearing.

After the hearing, the Court entered the following order:

"Roberts, P. J. Orphans' Court, Specially Presiding:

"After hearing the testimony of defendant Stanley Szewczyk, on the motion of defendant Stanley Szocki for a new trial, and upon careful review of Szewczyk's testimony given at Szocki's trial, we are not satisfied that the witness' recanting testimony in this proceeding is true; and therefore a new trial will be denied. See Commonwealth v. Palarino, 168 Pa.Super. 152 [77 A.2d 665], and Commonwealth v. Coroniti, 170 Pa. Super. 245 [85 A.2d 673].

"And now, to wit, June 1, 1956, the rule heretofore granted on defendant Stanley Szocki's motion for a new trial is discharged and the motion is dismissed."

 In this court relator contends he has been deprived of his constitutional rights, alleging lack of due process for the same reasons advanced in the state courts. A federal district court is required to exercise its independent judgment upon consideration of the petition and answer, and the complete record in the state courts (Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; DeVita v. McCorkle, 3 Cir., 1954, 216 F. 2d 743), and decide issues of fact relating to fundamental fairness. Thompson v. Dye, 3 Cir., 1953, 208 F.2d 565; Ackerman v. Johnston, D.C.W.D.Pa.1955, 139 F.Supp. 890, 892, affirmed 235 F.2d 958. This we have done and find that relator was not convicted on perjured testimony, allegedly given by Stanley Szewczyk, which was procured by coercion or duress at the hands of any of the police officers

of the Commonwealth or City of Erie, or which was otherwise known to any of the prosecuting officers of the Commonwealth.

We do not think we are required to hold another hearing on these issues. As stated in Darr v. Burford, 339 U.S. 200, at page 215, 70 S.Ct. 587, at page 596, 94 L.Ed. 761:

" * * * the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers."

The testimony of Stanley Szewczyk relating to these factual issues was found to be incredible by Judge Roberts; it is difficult to see how he could have found it to be otherwise. On this testimony relator could hardly hope to persuade a court that Szewczyk was coerced or testified against relator at the trial under duress or to otherwise show that the prosecution knew that this testimony was perjured.

Nothing constructive would be accomplished by bringing relator and Szewczyk into this court only to hear again that which from the record before us clearly discloses that the petition for the writ must be dismissed. See United States ex rel. Lorenzo v. Com. of Pa., D.C.W.D.Pa. 1951, 108 F.Supp. 581, affirmed, 3 Cir., 1951, 192 F.2d 576.

██ The evidence alleged to have been suppressed by the Commonwealth at the trial consisted of the result of a lie detector test relator claims he was "forced" to take. Such evidence is not admissible, and therefore was not suppressed in violation of relator's constitutional rights.

██ The other complaints relator makes are: (1) That evidence was admitted at the trial showing that relator met Szewczyk at the Penitentiary, and (2) that evidence of relator's prior crim-

inal record was admitted for impeaching purposes. Despite the fact that this evidence was admitted without objection, relator claims the admission thereof was prejudicial and presents a federal question. We do not agree. These complaints present evidential questions which are properly subjects of a motion for a new trial, for which a petition for a writ of habeas corpus is not a substitute.

The rule to show cause will be discharged and the petition for writ of habeas corpus dismissed.