**UNITED STATES of America**

**v.**

**Dennis J. HART and Richard Patch, Defendants.**

**No. 70-CR-107.**

United States District Court, E. D. New York.

Nov. 19, 1971.

Robert A. Morse, U. S. Atty., E.D.N. Y., Brooklyn, N Y., by Marvin R. Loewy, Special Atty., Crim. Div., Dept. of Justice, of counsel, for plaintiff.

Bailey, Alch & Gillis, Boston, Mass., by F. Lee Bailey, of counsel, for defendant Hart.

Mark A. Landsman, Brooklyn, N. Y., for defendant Patch.

JUDD, District Judge.

## MEMORANDUM AND ORDER

Defendants' motion for the admission of the results of polygraph tests and for an evidentiary hearing raises a question which apparently has never been squarely presented before. The case involves a *Brady*-type issue and not a pure question of the reliability of polygraph tests.

On the trial of two former federal narcotic agents for conspiracy to solicit a bribe (and kindred counts), the principal government witness, a narcotics dealer, blurted out during cross-examination that he had taken a lie detector test. When it developed that the tests, requested by the government, had indicated that he was lying, and that the government knew this before it put him on the stand, the court declared a mistrial with the consent of the defendants in order to permit briefing the admissibility of evidence that polygraph tests had been made.

The matter was treated by both parties on the basis of the present court decisions concerning the inadmissibility of polygraph tests, and the right to show contemporary evidence of their reliability. The court requested further memoranda on the effect of the fact that the United States directed the taking of the tests and then determined to disregard their results. No further memoranda were submitted, the government relying on the cases which it had originally cited and the defendants apparently preferring to use this case as a test of the reliability of polygraph tests generally.

▋ The case should be considered primarily in the light of the government's duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose any evidence which may tend to exculpate a defendant. None of the lie detector cases cited by the government deal with the admissibility of a test administered at government request to a government witness before a trial. Under the *Brady* principle, the burden should be on the government to convince a jury that this test was of no significance.

A contrary result may be indicated by United States ex rel. Szocki v. Cavell, 156 F.Supp. 79, 81 (W.D.Pa.1957), which held that it was not error for the Commonwealth to suppress the result of a lie detector test that the defendant claimed he was "forced" to take. The statement in the *Szocki* opinion was merely a paragraph in a habeas corpus proceeding dealing with several issues and is not persuasive to this court.

Evidence of lie detector tests is admissible for some purposes under prior decisions. In Tyler v. United States, 193 F.2d 24, 31 (D.C.Cir.1951), cert. denied, 343 U.S. 908, 72 S.Ct. 639, 96 L.Ed. 1326 (1952), the court affirmed a conviction based in part on testimony that the defendant had taken a lie detector test and that the machine had indicated that he was lying. The evidence was admitted as having a proper bearing on the voluntariness of his confession.

▋ Even before the *Brady* decision, it was the rule that the government should not obtain a conviction on evidence which it knew was perjurious. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). Later cases have expanded the duty of the government to disclose facts which might be useful to the defense. Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964); *cf.* United States v. Keogh, 391 F.2d 138, 146–148 (2d Cir. 1968). It would follow that the defendants are entitled to inquire concerning any investigations made by the government which might have put it on notice that a government witness was untruthful. *Cf.* Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); United States v. Polisi, 416 F.2d 573, 577 (2d Cir. 1969).

Having requested that Mr. Atkinson submit to polygraph tests, and then rejected the conclusions of the tests, the government should be prepared to show (a) the prior experience with polygraph tests and with the particular testers which led the Bureau of Narcotics and Dangerous Drugs to have Leslie Atkinson submit to the tests; (b) the basis for the subsequent doubts about the validity of polygraph tests which led to the disregard of the results; and (c) any other relevant material concerning the tests which defendants may request from the government on their own behalf.

The bearing of the lie detector test on Mr. Atkinson's credibility should be determined by the jury and not by a prior court hearing.

With respect to evidence proffered concerning polygraph tests administered to the two defendants, subsequent to the trial and without affording the government an opportunity to observe them, the court considers itself bound by the authorities cited by the government which include a definite statement of the Second Circuit Court of Appeals that such tests are not admissible. United States v. Bando, 244 F.2d 833, 841 (2d Cir. 1957). Therefore, the court will not receive evidence of the tests administered to the defendants, or conduct an evidentiary hearing thereon, but will treat defendants' motion papers as an offer of proof on the subject.

The results of the tests which the government had Atkinson take are admissible on behalf of the defendant because the government initially thought they were reliable enough to assist it in evaluating its witness. This does not constitute any reason for changing the general rule and permitting a party to offer its own polygraph tests in evidence.

It is therefore ordered that the motion for an evidentiary hearing be denied, except that the government is directed to make available as witnesses on the trial all persons who participated in directing that polygraph tests be given to Leslie Atkinson or in the taking of the tests or in the decision that the results of the tests did not impair his credibility as a witness.