762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATEST OF AMERICA, PLAINTIFF-APPELLEE,
v.
VICTOR ELAINE BROWN, DEFENDANT-APPELLANT.
 NO. 83-1405
 United States Court of Appeals, Sixth Circuit.
 4/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge, JONES, Circuit Judge, and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Victor Elaine Brown appeals from her conviction of misapplication of funds by a bank employee under 18 U.S.C. Sec. 656. She challenges the sufficiency of the evidence to sustain the jury's verdict, the district court's refusal to allow her to cross-examine a government witness concerning a polygraph exam to which the witness submitted, and a jury instruction. Upon consideration of the issues, we affirm.
 
 
 2
 Brown was indicted on thirty-three counts, each of which involved an independent unauthorized withdrawal from the National Bank of Detroit (NBD) bank account of another. The jury convicted her on Counts One through Nine and acquitted her of Counts Ten through Thirty-Three. Brown challenges the sufficiency of the evidence on Counts, Four, Five, Seven, and Nine, none of which were supported by direct evidence linking Brown to the questioned transactions. Although bank and federal officials identified fourteen fingerprints belonging to Brown on eight withdrawal slips used in the fraudulent transactions, no fingerprints linked Brown to these four transactions. Brown also points out that no one observed her making these withdrawals and that the prosecution did not offer testimony of a writing expert authenticating the signatures on the withdrawal slips as Brown's. Thus, according to Brown, the jury verdict of guilty on these counts could only be based upon the impermissible speculation that if she was guilty on the other counts, then she must have been guilty on the counts now under scrutiny.
 
 
 3
 In evaluating Brown's claim that the evidence is insufficient to support her conviction, we weigh the evidence, including circumstantial proof, in the light most favorable to the government and 'determine whether a reasonable mind might fairly find guilt beyond a reasonable doubt.' United States v. McCullah, 745 F.2d 350, 354 (6th Cir. 1984). Consequently, we will not reverse a jury verdict which is supported by substantial evidence. Hamling v. United States, 418 U.S. 87, 124 (1974). In the criminal context as elsewhere, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. United States v. Kubeck, 487 F.2d 1256, 1259 (6th Cir. 1973).
 
 
 4
 While the evidence supporting Brown's conviction on the challenged counts was circumstantial, the fraud did involve a pattern of behavior that can fairly be described as a scheme or plan. Execution of the plan required access to account information concerning the 'short name' of the accounts, account numbers, and balances. Brown had access to this information during the relevant periods. Although some other bank employees also had access to this information, Brown had the most probable access to the lost driver's license which was used as identification to execute the fraudulent withdrawals. No fingerprints of any other employee at Brown's branch of NBD appeared on the withdrawal slips used in the fraudulent transactions. The jury had an opportunity to view and evaluate testimony in which Brown and the owner of the allegedly lost driver's license used in the scheme each denied involvement in the fraud. Reasonable minds could conclude beyond a reasonable doubt that Brown executed the challenged transactions as well as those counts from which she does not challenge the convictions.
 
 
 5
 Brown alleges reversible error in the district court's denial of her request to cross-examine a government witness concerning the witness's failure of a polygraph test. Brown relies upon United States v. Hart, 344 F. Supp. 522 (E.D. N.Y. 1971), which has not been adopted in this circuit. Although the government advances numerous reasons for not finding reversible error in this particular case, we need not reach those issues. This Court has consistently held that polygraph evidence is incompetent for all purposes. Poole v. Perini, 659 F.2d 730, 735 (6th Cir. 1981) (citing United States v. Fife, 573 F.2d 369, 373 (6th Cir. 1976)), cert. denied, 455 U.S. 910 (1982). See also United States v. Mayes, 512 F.2d 637, 648 n.6 (6th Cir. 1975); United States v. Noel, 490 F.2d 89, 90 (6th Cir. 1974); United States v. Tremont, 351 F.2d 144, 146 (6th Cir. 1965), cert. denied, 383 U.S. 944.
 
 
 6
 Finally, Brown challenges the district court's instruction that the jury's 'sole interest is to seek the truth from the evidence in the case' as a dilution of the 'beyond a reasonable doubt' standard. Because she did not object to this instruction at trial, she also contends that it represents plain error. We review the adequacy of jury instructions taken as a whole, Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1181 (6th Cir. 1983), and presume that the jury followed the instructions correctly as they were given. C. Wright & A. Miller, Federal Practice and Procedure Sec. 2258. Nevertheless, a substantial and prejudicial error in even a single instruction may require reversal. Id.
 
 
 7
 As Brown acknowledges, the district court on five occasions informed the jury of the standard that it must find guilt beyond a reasonable doubt in order to convict. The challenged instruction cannot 'be understood as diluting or in any way impairing the constitutional requirement of proof beyond a reasonable doubt.' United States v. Pine, 609 F.2d 106, 108 (3d Cir. 1979). The instruction did not direct the jury to choose between two versions of the truth. See United States v. Stanfield, 521 F.2d 1122, 1126 (9th Cir. 1975). Truth-seeking is one of the purposes of a criminal trial. The challenged instruction was not error, much less plain error.
 
 
 8
 The judgment below is AFFIRMED.